### WALLACE et al. v. DUBOSE et al. (No. 6820.)

(Court of Civil Appeals of Texas. San Antonio. June 7, 1922.)

1. Executors and administrators ⬤⇒3(3)—Administration justified without evidence of debts.

When a valid will is made providing for appointment of an executor or executrix, it is not necessary to show the existence of debts to justify an administration.

2. Courts ⬤⇒475(2, 3)—County court probating will has jurisdiction for all purposes connected with estate.

Refusal or failure of executor named in will to qualify did not defeat jurisdiction of the county court, but the estate was still

being administrated therein, and its jurisdiction over the matter was exclusive, and the district court had no jurisdiction of any suit concerning the estate, even a suit to establish a debt, notwithstanding lapse of time, under Rev. St. arts. 3249, 3393.

Appeal from District Court, Uvalde County; Joseph Jones, Judge.

Suit by Mrs. E. E. Wallace and husband against Mrs. Hallie A. Dubose and others. Judgment for defendants, and plaintiffs appeal. Affirmed.

Love & Smith, of Uvalde, for appellants.
T. M. Milam and L. Old, both of Uvalde, for appellees.

FLY, C. J. This is a suit instituted by Mrs. E. E. Wallace, joined by her husband, T. A. Wallace, appellants herein, against Mrs. Hallie A. Dubose, widow of Walter J. Dubose, deceased, and Josephine Dubose, a minor daughter of said Hallie A. and Walter J. Dubose, in which it was alleged that Walter J. Dubose had died on January 31, 1921, leaving a will in which he bequeathed his half of the community property of which he and his wife were possessed to his daughter, Josephine, that Mrs. Dubose was named executrix and was so appointed by the court when said will was probated, but had not qualified, and that more than a year had elapsed since the death of Walter J. Dubose. Appellants alleged that they had a mortgage on the land consisting of 499 acres belonging to the estate to secure a promissory note for $3,300, executed to Mrs. E. E. Wallace on January 26, 1920, by said Walter J. Dubose, and that no administration is pending on said estate. The petition does not allege that there are not other debts, but, on the other hand, shows that there are other debts against said estate.

Exceptions to the petition were sustained, and the cause dismissed because of want of jurisdiction in the district court; the allegations showing that the county court, which has exclusive jurisdiction of probate matters, had probated the will and assumed jurisdiction over said estate.

[1] It is the rule in this state that, when a valid will is made providing for the appointment of an executor or executrix, it is not necessary to show the existence of debts to justify an administration. Buchner v. Wait (Tex. Civ. App.) 137 S. W. 383. In that case suit was brought in the district court after a will had been probated in the county court, and the district court dismissed the suit for partition on the ground that it had no jurisdiction over the subject-matter, by reason of the probate of the will. The court held:

"When invoked in a proper manner, this jurisdiction of the county court becomes exclusive, and, unless facts exist which would make its exercise unauthorized under the statute, no other court can assume jurisdiction to make the settlement, partition, and distribution of estates of deceased persons until the time in which such proceeding could be brought in the county court has expired, or, if an administration has been begun in the county court, until the administration is closed."

That proposition is sound and is supported by numerous authorities. Branch v. Hanrick, 70 Tex. 731, 8 S. W. 539; Moore v. Moore, 89 Tex. 29, 33 S. W. 217; Shiner v. Shiner, 90 Tex. 414, 38 S. W. 1126; McCorkle v. McCorkle, 25 Tex. Civ. App. 149, 60 S. W. 434; Hart v. Hart (Tex. Civ. App.) 170 S. W. 1071; McMahan v. McMahan (Tex. Civ. App.) 175 S. W. 157; Gallaspie v. Hardy (Tex. Civ. App.) 196 S. W. 592; Meyer v. Meyer (Tex. Civ. App.) 223 S. W. 259.

[2] When the county court had probated the will, its jurisdiction had attached for all purposes connected with the estate. If Mrs. Dubose failed or refused to act as executrix, appellant or any other creditor could have applied for the appointment of another person to administer the estate. Rev. Stats. art. 3279. The refusal or failure of Mrs. Dubose to qualify under the will did not defeat the jurisdiction, but the estate was still being administered in the county court, and its jurisdiction over the matter was exclusive. The court had absolute control over the estate, and, by reason of the failure of Mrs. Dubose to qualify as executrix, could remove her, without notice, for neglect to qualify as required by law and appoint a successor. Article 3393, Rev. Stats.; Kuck v. Dixon (Tex. Civ. App.) 127 S. W. 910. The lapse of time did not deprive the county court of jurisdiction, because the administration had not been closed. Rev. Stats. art. 3249; Branch v. Hanrick, 70 Tex. 731, 8 S. W. 539.

It is the claim of appellants that the district court had jurisdiction because they merely sought to establish their debt. It is the prerogative and right of the county court to establish or reject claims against estates pending before it, and the district court cannot invade or impair that right. Whitmire v. Powell (Tex. Civ. App.) 117 S. W. 433; Ralston v. Stainbrook (Tex. Civ. App.) 187 S. W. 413.

The judgment is affirmed.