Laura DERRICK, Appellant,

v.

Estate of James B. McGREW, Deceased, Appellee.

No. 9017.

Court of Appeals of Texas, Texarkana.

July 13, 1982.

Howard A. Lang, Jr., Donisi & Lang, Houston, for appellant.

Keith Marks, Law Office of Keith Marks, Dallas, for appellee.

BLEIL, Justice.

This will contest case presents one critical issue: can a court proceed to probate a will

even though administration proceedings concerning the same estate previously have been commenced in another court? Our answer, no, dictates that the case be reversed and that the application for probate be dismissed.

On February 6, 1977, James McGrew died, leaving a widow, Kathleen McGrew, and one child, Laura Derrick. On March 10, 1977, Kathleen McGrew filed an application for letters of administration in Van Zandt County alleging that James McGrew resided in and had his domicile in Van Zandt County, and that he died intestate. On the 29th of March, 1977, Kathleen McGrew was granted letters of administration upon the Estate of James McGrew by the County Court of Van Zandt County.

In the meantime, Laura Derrick, through her attorney, contacted Kathleen McGrew requesting that she be kept informed of the administration proceedings. When Laura Derrick filed objections to the inventory and requested that an independent appraiser be appointed by the court, activity in the administration of James McGrew's estate in Van Zandt County slowed.

On July 29, 1977, Kathleen McGrew filed an application to probate the will of James McGrew and for issuance of letters testamentary in the Dallas County Probate Court. Kathleen McGrew alleged that James McGrew resided in and had his domicile in Dallas County at the time of his death. She also alleged that he left a written will naming her as independent executrix. No mention was made of Laura Derrick in the application to probate the will or in the will itself. On September 15, 1977, the will was admitted to probate and Kathleen McGrew was issued letters testamentary upon the estate after giving her oath as independent executrix. On November 2, 1977, Laura Derrick entered into the Dallas County probate proceedings by filing a plea in abatement. She asserted that the court had no jurisdiction because of the pendency of the estate proceedings in Van Zandt County prior to the application for probate in Dallas County. These proceedings followed:

| Date | Event |
|---|---|
| April, 1978 | Administration in Van Zandt County dismissed on motion of Kathleen McGrew |
| February, 1979 | Plea in Abatement overruled by Dallas County Probate Court |
| September, 1979 | Laura Derrick entered into the Dallas County probate proceedings to contest the will |
| September, 1980 | Trial of case |

During the trial Laura Derrick was required to go forward with evidence disproving the validity and authenticity of the will. When she rested her case and without any evidence being introduced by the proponents of the will, the court directed a verdict in favor of Kathleen McGrew and affirmed the order admitting the will to probate previously entered.

When estate proceedings are first filed in an appropriate court then that court has exclusive jurisdiction over the proceedings. While the proceedings are pending in the first court, any action taken in another court upon the same matter is void. *Stewart v. Poinboeuf*, 111 Tex. 299, 233 S.W. 1095 (1921); Tex.Prob.Code Ann. § 8(a) and (b) (Vernon 1980); 17 Woodward & Smith, Texas Practice § 46 (1971). In *Stewart v. Poinboeuf* the court held that where one court acquired jurisdiction over an estate by the filing of application for letters of administration, a court in another county could not exercise jurisdiction over the same estate by proceeding with an application for probate of a will.

The County Court of Van Zandt County first acquired exclusive jurisdiction over the proceedings involving the estate of James McGrew. Thus, the plea in abatement, questioning the jurisdiction of the Dallas County Probate Court, should have been granted. The trial court erred in assuming jurisdiction and in all subsequent actions leading to its judgment affirming its order admitting the will of James McGrew to probate and issuing letters testamentary because that order was void.

The judgment of the trial court is reversed and the application for probate is dismissed.