Ana Cristina FERNÁNDEZ, Appellant,

v.

Rosa Maria Vazquez BUSTAMANTE, Appellee.

In re Estate of Jose Francisco Ortiz–Vasquez, a/k/a Jose F. Ortiz, a/k/a J. Ortiz, a/k/a Jose Francisco Ortiz, a/k/a Francisco Ortiz, Deceased, Relator.

Nos. 14–08–00990–CV, 14–08–01035–CV.

Court of Appeals of Texas, Houston (14th Dist.).

Jan. 19, 2010.

Sharon Brand Gardner, Melinda M. Riseden, Helen B. Wils, Houston, for relator in No. 14-08-01035-CV.

John L. Hopwood, Houston, Chris Heinrichs, San Antonio, for real party interest in No. 14-08-01035-CV.

Sharon Brand Gardner, Melinda M. Riseden, Houston, for appellant in No. 14-08-00990-CV.

Chris Heinrichs, San Antonio, John L. Hopwood, Houston, for appellee in No. 14-08-00990-CV.

Panel consists of Justices SEYMORE, BROWN and SULLIVAN.

## OPINION

JEFFREY V. BROWN, Justice.

This is both an interlocutory appeal and a petition for writ of mandamus from a trial-court order transferring the venue of probate proceedings from Bexar County to Harris County. We have consolidated these proceedings. *In re Valero Energy Corp.*, 968 S.W.2d 916, 917 (Tex.1998) (orig.proceeding). We dismiss the appeal for want of jurisdiction and deny the petition for writ of mandamus.

## I

Jose Francisco Ortiz–Vasquez, a/k/a Jose F. Ortiz, a/k/a J. Ortiz a/k/a Jose Francisco Ortiz a/k/a Francisco Ortiz ("the decedent"), a Mexican citizen, died on May 3, 2007, in San Antonio, Bexar County. According to the parties, the decedent died leaving no will in the United States. Rosa Maria Vazquez Bustamante, the decedent's mother, contends a valid will exists in Mexico, and Mexican authorities are probating it there. There have been allegations challenging the authenticity of the Mexican will; however, they are not relevant to our consideration of this case.

Bustamante filed an application to open an estate and appoint a temporary administrator in Bexar County on September 14, 2007, and that same day, the Bexar County probate court granted the appointment. But Bustamante was unable to pay the bond according to the requirements in the court's order and the Texas Probate Code. *See* Tex. Prob.Code Ann. 131A(e) (Vernon 2003 & Supp.2009). On November 20, Bustamante and her attorney filed an application for appointment as co-temporary administrators of the decedent's estate in Bexar County. On December 3, the Bexar County probate court set aside the prior order appointing Bustamante sole temporary administrator, and it granted the appointments, but once again, the required bond was not paid. *See id.*

On February 20, 2008, Ana Cristina Fernández, the decedent's former wife and mother of the decedent's only child, filed an application to open an estate and to appoint a permanent administrator in Harris County. Fernández filed this application as next friend of the decedent's ten-year-old son, J.A.O., a United States citizen who was born in Texas. Fernández was appointed and qualified as the permanent administrator of the decedent's estate on March 5. Fernández contends she was unaware of the Bexar County proceedings, and learned of them only after her appointment as permanent administrator.

On March 13, 2008, Fernández filed a motion to terminate temporary administration subject to a motion to transfer venue in the Bexar County probate court. Fernández sought to move the probate proceedings to Harris County where, she alleges, the decedent resided before his death. The Bexar County probate court held hearings on this motion on April 14, June 9, and June 10. On July 11, the Bexar County probate court found that venue was proper in Bexar County; however, as a convenience to the estate, the court transferred venue to Harris County. The parties contend this decision was based on the fact that much of the decedent's property is located in Harris County.

On August 8, 2008, Fernández filed a motion for rehearing or new trial in Harris County on the issue of the decedent's domicile. The Harris County probate court denied this motion on October 14. Fernández then filed a notice of appeal on October 21 and a petition for writ of mandamus on November 12.

## II

In her brief, Fernández contends the Bexar County probate court's venue transfer as well as the Harris County probate court's denial of her motion for rehearing/new trial are erroneous because "overwhelming" evidence demonstrates that the decedent was domiciled and had a fixed place of residence in Harris County. Further, Fernández asserts the Bexar County probate court lacked jurisdiction to determine proper venue because there was no pending probate proceeding at the time she filed her application to open an estate in Harris County on February 20. Fernández's petition for writ of mandamus is based on identical grounds.

### A

■ As a preliminary matter, we must determine whether this court has jurisdiction to hear this case as a direct interlocutory appeal, or as a petition for writ of mandamus. Parties may appeal only from a final judgment as a general rule. *Brittingham–Sada de Ayala v. Mackie,* 193 S.W.3d 575, 578 (Tex.2006) (citing *Lehmann v. Har–Con Corp.,* 39 S.W.3d 191, 195 (Tex.2001)); *Bozeman v. Kornblit,* 232 S.W.3d 261, 262 (Tex.App.-Houston [1st Dist.] 2007, no pet.); *but see* Tex. Civ. Prac. & Rem.Code Ann. 51.014(a) (Vernon 2008) (listing interlocutory orders that are appealable). Probate proceedings give rise to a recognized exception to that general rule since multiple judgments may be rendered on discrete issues before the entire probate proceeding is concluded. *See Brittingham–Sada de Ayala,* 193 S.W.3d at 578 (citing *Lehmann,* 39 S.W.3d at 192). But not all probate orders are appealable. *Id.* Courts assessing "sufficient attributes of finality to confer appellate jurisdiction" have looked to whether an order resulted from the adjudication of a "substantial right" or whether it disposed of "all issues in the phase of the proceeding for which it was brought." *Id.* (reviewing authorities).

In both her appeal and petition, Fernández states that she "believes that mandamus is the appropriate remedy, but has filed [an] appeal as a protective measure only." At oral argument, Fernández argued for the first time that the July 11 venue-transfer order was a final order. Fernández now contends that under the rule of *Crowson v. Wakeham,* 897 S.W.2d 779, 783 (Tex.1995), the venue-transfer order was final because it disposed of a discrete issue—the determination of domicile in Texas. Specifically, Fernández had sought mandatory venue in Harris County based on her allegation that the decedent was domiciled in Harris County. After a hearing in which the Bexar County probate court reviewed considerable evidence from both sides purporting to demonstrate legal domicile in either Texas or Mexico, the court denied Fernández's motion for mandatory venue, but transferred the case for convenience purposes. This denial was based on the court's finding that the decedent was not domiciled in Texas. It is this finding that lies at the heart of Fernández's plea to this court.

■ As the supreme court has pointed out on more than one occasion, determining the finality of a court order in probate has proven difficult and confusing. *See Brittingham–Sada de Ayala,* 193 S.W.3d at 578; *Crowson,* 897 S.W.2d at 783. To clarify this process, the supreme court adopted the following standard:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also

part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson,* 897 S.W.2d at 783. Under this test, as reiterated in *Brittingham–Sada de Ayala,* an order that merely "sets the stage" for further resolution is interlocutory and not appealable. 193 S.W.3d at 579.

■ In applying this standard to the present case, we begin by observing that there is no relevant rule or statute that renders venue determinations in probate proceedings final. By contrast, the general rule is that a venue determination is not a final judgment ripe for appeal. *See* Tex. Civ. Prac. & Rem.Code Ann. 15.064(a) (Vernon 2002); Tex.R. Civ. P. 87(6) ("There shall be no interlocutory appeals from such determination.").[1] Further, Chapter 15 of the Texas Civil Practice & Remedies Code that governs mandatory venue provisions—including those codified elsewhere—establishes the writ of mandamus as the remedy for enforcement of those rules. *See* Tex. Civ. Prac. & Rem. Code Ann. 15.0642 (Vernon 2002); *see also* Tex. Civ. Prac. & Rem.Code Ann. 15.016 (Vernon 2002) ("An action governed by any other statute prescribing mandatory venue shall be brought in the county required by the statute.").

■ Finally, the supreme court has repeatedly advised that one means of avoiding confusion regarding the finality of probate orders is to seek severance of the order from the ongoing proceeding. *See Brittingham–Sada de Ayala,* 193 S.W.3d at 578; *Crowson,* 897 S.W.2d at 783. "By its nature, a change of venue is not severable because it is not a separate issue, but a preliminary matter that must be decided before the court can proceed." *In re Es-*

*tate of Fears,* No. 06–03–00139–CV, 2004 WL 111423, at *2 n. 2 (Tex.App.-Texarkana Jan. 22, 2004, no pet.) (mem.op.).

■ At oral argument, and in her subsequent letter brief to this court, Fernández contends the *Crowson* test requires that the venue determination in this case be considered a final, appealable order in that it "purportedly concludes [a] distinct phase of the proceeding—determining domicile for the purposes of the mandatory probate venue statute." We disagree.

Fernández directs this court to two memorandum opinions to support her argument. In *In re Estate of Bowie,* a decedent's mother seeking to challenge the appointment of an estate administrator filed a motion to transfer the proceeding from the county court to the county court at law. No. 09–08–204–CV, 2008 WL 4821617, at *2 (Tex.App.-Beaumont Nov. 6, 2008, no pet.) (mem.op.). The county court denied her motion, and she filed an appeal. *Id.* The Beaumont court of appeals reversed the trial court by holding that the decedent's mother had sufficiently asserted her interest as a creditor and had established her capacity as a party to the estate proceedings. *Id.* Fernández asserts this case supports the principle that a court order denying a motion to transfer from county court to county court at law is a final appealable order. But the Beaumont court never expressly addressed the issue of whether the trial court's denial constituted a final appealable order in probate. Further, this same argument was specifically rejected in *Forlano v. Joyner,* when the First Court of Appeals stated that, under *Crowson,* a transfer order "could never, by itself, be appealable." 906 S.W.2d 118, 120 (Tex.App.-Houston

1. The Texas Rules of Civil Procedure govern proceedings in probate matters except in those instances in which a specific provision has been made to the contrary. *Cunningham v. Parkdale Bank,* 660 S.W.2d 810, 812 (Tex. 1983); *see* Tex.R. Civ. P. 2.

[1st Dist.] 1995, no pet.). Hence, Fernández's reliance on *Bowie* is misplaced.

Fernández also points to *In re Estate of Brimberry* for the proposition that an order that fails to dispose of the entire probate proceeding is final and appealable if it disposes of the sole controverted question. No. 12–04–00154–CV, 2006 WL 861483, at *3 (Tex.App.-Tyler Mar. 31, 2006, pet. denied) (mem.op.). In *Brimberry*, family members sought to overturn a trial-court order requiring appointed co-administrators of an estate to pay a $600,000 bond despite the fact that the decedent's will expressly waived this requirement. *Id.* at *1. The Tyler court of appeals held that while the court order at issue did not finally dispose of the entire probate proceeding, the fact that the order conclusively disposed of all questions presented in the application for probate—the admissibility of the will to probate and the suitability of one of the co-executors—made the order final and appealable. *Id.* at *3. Fernández contends *Brimberry* is similar to the present case in that, although the Bexar County venue order did not dispose of the entire probate proceeding, it did dispose of the sole controverted question in that proceeding—the question of the decedent's legal domicile. But the Bexar County probate court's finding regarding the legal domicile of the decedent was not the final disposition of a discrete dispute before the court; it was merely a finding of fact relied on by the court in determining the proper venue for the ongoing probate proceeding.

Section 6 of the Texas Probate Code, which specifies where venue lies for probate matters, contains no language about the appealability of such a determination. *See* Tex. Prob.Code Ann. 6 (Vernon 2003). In fact, there is no specific provision allowing an interlocutory appeal of a probate venue determination. Therefore, Rule 87 of the Texas Rules of Civil Procedure requires us to dismiss this appeal. *See* Tex.R. Civ. P. 87. Because venue orders in probate are not final orders sufficient to merit review by direct appeal, we hold that the order at issue in this case was not a final appealable order ripe for direct appeal. *See Forlano,* 906 S.W.2d at 120 (concluding a transfer order does not resolve a claim and is not severable, and thus not appealable); *see also In re Graham,* 251 S.W.3d 844, 847 (Tex.App.-Austin 2008, orig. proceeding) (citing Tex. Civ. Prac. & Rem.Code Ann. 15.016, 15.0642) (stating that a trial court's denial of a motion to transfer venue pursuant to a mandatory venue provision is reviewable by mandamus). Therefore we dismiss Fernández's appeal for want of jurisdiction and turn to her petition for writ of mandamus.

## B

■ Before we consider whether a writ of mandamus is appropriate in this case, we must determine whether the Bexar County probate court had jurisdiction to hear Fernández's motion to transfer venue in the first place. Fernández asserts Bustamante's prior applications for appointment as a temporary administrator were insufficient to create jurisdiction in Bexar County as both appointment orders had terminated before Fernández had filed her application in Harris County. The Bexar County probate court, therefore, lacked jurisdiction to hear the motion to transfer venue because there was no existing probate proceeding ongoing in Bexar County. In response, Bustamante contends jurisdiction was proper in Bexar County as it was the place of the first probate filing. Because Bexar County was the place of the first filing, the Bexar County probate court retained jurisdiction until the estate administration closed and it could properly transfer venue to Harris County. We agree with Bustamante.

A probate court obtains jurisdiction of a decedent's estate when the administration is opened. *Wybrants v. Lehman*, 307 S.W.2d 339, 341 (Tex.Civ. App.-Eastland 1957, writ ref'd n.r.e.). The administration opens when a person files a petition with the court that is within the courts subject-matter jurisdiction, such as requesting to become a temporary administrator. *Hughes v. Atlantic Refining Co.*, 424 S.W.2d 622, 625 (Tex.1968); *see Balfour v. Collins*, 119 Tex. 122, 25 S.W.2d 804, 805–06 (1930) (discussing jurisdiction in relation to temporary administration). In *Goolsby v. Bush*, one of the beneficiaries under a will applied to both probate the will and become an administrator. 172 S.W.2d 758, 761 (Tex.Civ.App.-El Paso 1943, no writ). The court in *Goolsby* concluded the application was sufficient to invoke jurisdiction in the particular county because "appointing Goolsby administrator evidenced the exercise of active jurisdiction." *Id.* Furthermore, a court's jurisdiction continues until the administration is disposed of.[2] *Balfour*, 25 S.W.2d at 807. Although a court may issue various probate orders on particular issues, the court does not completely lose jurisdiction until the entire estate is closed. *Hawkins v. Estate of Volkmann*, 898 S.W.2d 334, 343 (Tex.App.-San Antonio 1994, writ denied).

When venue is proper in two or more courts, the court in which the application for a proceeding in probate is first filed shall have and retain jurisdiction of the estate to the exclusion of the other court or courts. Tex. Prob.Code Ann. 8(a) (Vernon 2003 & Supp.2009). The proceeding shall be deemed commenced by the filing of an application averring facts sufficient to confer venue. *Id.* If a proceeding in probate is commenced in more than one county, the proceeding shall be stayed except in the county where first commenced until final determination of venue in the county where first commenced. *Id.* 8(b).

There is no dispute that Bustamante filed the first probate proceeding in Bexar County by virtue of her September 14, 2007 application for appointment as temporary administrator of the decedent's estate. But Fernández claims the the probate proceedings in Bexar County terminated in 2007 when the appointed administrators failed to pay the required bond. Because the Bexar County proceedings had terminated before Fernández filed in Harris County in February 2008, Fernández argues, the Bexar County and Harris County proceedings were never pending concurrently.

To support this argument, Fernández relies on *In re Guardianship of Gibbs*, 253 S.W.3d 866 (Tex.App.-Fort Worth 2008, pet. dism'd). In *Gibbs*, the Fort Worth court of appeals held that the mere act of filing an application to convert an expired temporary guardianship to a permanent guardianship did not cause an estate to be "pending" to trigger the trial court's transfer power under the Probate Code. *Id.* at 873–74. Fernández urges that as in *Gibbs*, if there is no pending or existing probate proceeding in Bexar County, then the Bexar County probate court had no authority to issue its July 11 venue transfer. But Fernández's reliance on *Gibbs* is misplaced because the relevant statute in that case was Section 608 of the Texas Probate Code, which is specific to guardianship issues. *See* Tex. Prob.Code Ann. 608 (Vernon 2003 & Supp.2009).[3]

**2.** "The administration of an estate of a decedent, from the filing of the application for probate and administration, or for the administration, until the decree of final distribution and the discharge of the last personal representative, shall be considered as one proceeding for purposes of jurisdiction." Tex. Prob. Code Ann. 2(e) (Vernon 2003).

**3.** "A judge of a statutory probate court, on the motion of a party to the action or of a person

More importantly, case law supports the proposition that a probate proceeding does not terminate merely because a person did not qualify as an administrator or executor; instead, the court retains jurisdiction until the administration closes. *See Balfour*, 25 S.W.2d at 807; *Wallace v. Dubose*, 242 S.W. 351, 352 (Tex.Civ.App.-San Antonio 1922, no writ). In *Balfour v. Collins*, Collins filed an application in Dallam County to become temporary administrator of an estate. *Balfour*, 25 S.W.2d at 805. After Collins was appointed temporary administrator, Balfour was appointed temporary administrator of the same estate, but in Oldham County. *Id.* The court concluded Collins could not qualify to be an administrator in Dallam County, and Oldham County had venue over the estate because Balfour could qualify as an administrator in that county. *Id.* at 806–07. But the court stated, "Of course the Oldham county court cannot appoint an administer at all until the previous probate proceedings in Dallam county are disposed of." *Id.* at 807.

In *Wallace v. Dubose*, a county court began to probate a will, but the named executrix could not qualify to become the executor. *Dubose*, 242 S.W. at 352. The appellants alleged that because more than a year had passed since the death of the testator and the executor had failed to qualify, there was no administration pending for the estate. *Id.* The court held "[t]he refusal or failure of [the executrix] to qualify under the will did not defeat jurisdiction, but the estate was still being administered in the county court ... [and] the lapse of time did not deprive the coun-

ty court of jurisdiction, because the administration has not been closed." *Id.*

In *Derrick v. McGrew*, the Texarkana court of appeals reversed a trial-court order admitting a will to probate when an administration proceeding concerning the same estate had previously been commenced in another county. 636 S.W.2d 860, 861 (Tex.App.-Texarkana 1982, writ ref'd n.r.e.). In describing the standards pertinent to the case, the court said, "When estate proceedings are first filed in an appropriate court then that court has exclusive jurisdiction over the proceedings. While the proceedings are pending in the first court, any action taken in another court on the same matter is void." *Id.* (citing *Stewart v. Poinboeuf*, 111 Tex. 299, 233 S.W. 1095, 1097 (1921); Tex. Prob. Code Ann 8(a)(b) (Vernon 1980); 17 Woodward & Smith, *Texas Practice: Probate and Decedents' Estates* 46 (1971)).

In the present case, the undisputed facts demonstrate that Bustamante filed her application for designation as the temporary administrator of the estate in Bexar County five months before Fernández filed her application in Harris County. There is no evidence in the record reflecting that the probate proceeding in Bexar County was disposed of or closed before the Bexar County probate court transferred the case to Harris County. Based on the unambiguous language of Section 8, the Bexar County probate court had the original and continuing jurisdiction of the estate at the time of the July 11 venue order. *See* Tex. Prob.Code Ann. 8(a)(b). We overrule Fernández's issue concerning the Bexar Coun-

---

interested in a guardianship, may transfer to the judge's court from a district, county, or statutory court a cause of action appertaining to or incident to a guardianship estate that is pending in the statutory probate court or a cause of action relating to a guardianship in which a guardian, ward, or proposed ward in

a guardianship pending in the statutory probate court is a party and may consolidate the transferred cause of action with the other proceedings in the statutory probate court relating to the guardianship estate." Tex. Prob.Code Ann. 608 (Vernon 2003 & Supp. 2008).

ty probate court's jurisdiction to hear the motion to transfer venue.

## C

■■■■ Finally, we consider the merits of Fernández's petition for writ of mandamus. Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *In re Prudential Ins. Co. of America,* 148 S.W.3d 124, 138 (Tex.2004) (orig.proceeding). To be entitled to the extraordinary relief of a writ of mandamus, a relator must show that the trial court clearly abused its discretion and left him no adequate remedy by appeal. *In re Team Rocket, L.P.,* 256 S.W.3d 257, 259 (Tex.2008) (orig.proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.,* 164 S.W.3d 379, 382 (Tex.2005) (orig.proceeding). In mandatory venue mandamus actions, we look only to whether the trial court clearly abused its discretion in ruling on the motion. *In re Graham,* 251 S.W.3d at 847 (citing *In re Mo. Pac. R.R. Co.,* 998 S.W.2d 212, 215 (Tex.1999)). Because it is presumed that there is no adequate remedy for failure to enforce a mandatory venue statute, the relator is not required to show a lack of adequate remedy on appeal. *Id.*

In the present case, the Bexar County probate court was asked to consider Fernández's motion to transfer venue. Fernández sought a transfer on the basis that

mandatory venue for the probate of the decedent's estate was in Harris County, as the decedent "had a fixed place of domicile" in Harris County at the time of his death. The Harris County probate court then was asked to review Fernández's motion for rehearing/new trial on the basis of proper domicile.

Letters testamentary or of administration shall be granted in the county where the deceased resided, if he had a domicile or fixed place of residence in this State. Tex. Prob.Code Ann. 6(a) (Vernon 2003). If the deceased had no domicile or fixed place of residence in this State but died in this State, then probate is appropriate either in the county where his principal property was at the time of his death or in the county where he died. *Id.* 6(b). For the convenience of the estate, if it appears to the court at any time before the estate is closed that it would be in the best interest of the estate, the court, in its discretion, may order the proceeding transferred to the proper court in any other county in this State.[4] *Id.* 8(c)(2).

■■■■ For the purpose of determining venue in probate proceedings, "domicile" and "fixed place of residence" are synonymous. *Maddox v. Surber,* 677 S.W.2d 226, 228 (Tex.App.-Houston [1st Dist.] 1984, no writ) (citing *Slay v. Dubose,* 144 S.W.2d 594, 596 (Tex.Civ.App.-Fort Worth 1940, writ ref'd); *Halverson v. Livengood,* 4 S.W.2d 588 (Tex.Civ.App.-Texarkana 1928, no writ)). A person may establish only one domicile, but may have several residences. *In re Estate of Steed,*

---

4. The general rule is that for the convenience of the parties and witnesses and in the interest of justice, a court may transfer an action from a county of proper venue to any other county of proper venue on motion of a defendant, when the court finds that maintenance of the action in the county of suit would work an injustice to the movant considering the

movant's economic and personal hardship, or that the balance of interests of all the parties predominates in favor of the action being brought in the other county. Tex. Civ. Prac. & Rem.Code Ann. 15.002(b) (Vernon 2002); *Garza v. Garcia,* 137 S.W.3d 36, 42–43 (Tex. 2004).

152 S.W.3d 797, 803 (Tex.App.-Texarkana 2004, pet. denied). The legal significance of a domicile as a fixed place of residence, as opposed to one of several residences, is "to signify a permanent residence, as distinguished from one that is only temporary." *Id.* The essential elements of domicile are residence in fact, coupled with the purpose to make the place of residence one's permanent home. *Texas v. Florida,* 306 U.S. 398, 424, 59 S.Ct. 563, 83 L.Ed. 817 (1939); *Snyder v. Pitts,* 150 Tex. 407, 241 S.W.2d 136, 139 (1951); *Maddox,* 677 S.W.2d at 228. The period of time that the decedent resided in the county is irrelevant so long as the act and the intention to acquire a domicile coexist. *Maddox,* 677 S.W.2d at 228–29. The controlling factor in establishing residence in fact is " 'the actual fact as to the place of residence and decedent's real attitude and intention with respect to it as disclosed by his entire course of conduct.' " *In re Graham,* 251 S.W.3d at 850 (quoting *Texas v. Florida,* 306 U.S. at 425, 59 S.Ct. 563).

In this case, the Bexar County probate court heard testimony and reviewed considerable evidence regarding the hotly contested issue of the decedent's domicile. Fernández contends "overwhelming evidence reflects that the [d]ecedent resided and had a fixed place of residence in Harris County" at the time of his death. Fernández points to such evidence as the fact that the decedent filed a residential homestead application in Harris County for several years in succession; he owned several automobiles registered to Harris County addresses; he maintained bank accounts in Harris County banks from which he received statements at Harris County addresses; he borrowed money from Harris County banks; he owned a second condominium and other real property in Harris County; he owned interests in five airplanes which he stored in Harris County; he testified to being a resident of Harris County during court proceedings in Mexico; he had a Texas driver's license; and he owned a penthouse in Harris County where he kept his personal possessions, as well as those of his son.

In response, Bustamante points to evidence that the decedent filed tax returns with the I.R.S. stating that he was not a resident of the United States; he filed documents with a Texas bank stating that he was a Mexican resident; his visa—a type only issued to Mexican citizens for temporary entry into the United States—would not allow him to be a Texas resident; he had a "home" in Tampico, Mexico, as well as a "home" at his ranch in Mexico; he and Fernández were married, lived, and were later divorced in Mexico; he was actively engaged in various businesses in Mexico; he was registered to vote in Mexico; and his Mexican tax registration listed his "domicillio" as being in Tampico, Mexico.

To counter some of Bustamante's evidence, Fernández directs this court to a memorandum opinion from the San Antonio court of appeals, *Franyutti v. Franyutti.* See No. 04–02–00786–CV, 2003 WL 22656879 (Tex.App.-San Antonio Nov. 12, 2003, no pet.) (mem.op.). In *Franyutti,* a Mexican citizen sought to prevent his wife from suing for divorce in Texas because neither he nor his wife had been domiciliaries of Texas for the required six-month period. *Id.* at *1. On appeal, the husband argued that it would be "unconscionable" to allow his wife to claim Texas as her domicile because she had entered the United States under a tourist visa, which required that she intend not to abandon her Mexican domicile. *Id.* The appeals court held that, regardless of the wife's statement to immigration authorities, she was still able to decide that she wanted to remain in Texas, thereby achieving Texas domicile. *See id.* Fernández argues this

holding means Bustamante may not use the decedent's immigration status—and the express statements accompanying such status—to estop her contention that the decedent intended for his domicile to be in Texas. But this is too strong a reading of the San Antonio court's opinion. *Franyutti* does not hold that a person's immigration status *cannot* indicate intent regarding domicile; rather, *Franyutti* stands for the proposition that immigration status is *not dispositive* of domicile intent. *See id.*

Fernández also directs this court to the Austin court of appeals' opinion in *In re Graham*—a case which is more factually similar to the case at bar, and one which informs our conclusion. *See* 251 S.W.3d at 849–51. *Graham* involved contested probate proceedings in which the decedent purportedly lived and owned property in both Tom Green and Travis counties. *Id.* at 847. In reviewing the trial court's denial of a motion to transfer venue to Travis County under a similar mandatory venue theory, the appeals court reviewed the full scope of evidence presented to ascertain " 'the actual fact as to the place of residence and [the] decedent's real attitude and intention' " as discussed in *Texas v. Florida. Id.* at 850. Ultimately, the court held the evidence the decedent slept, gardened, entertained guests, stored her personal possessions, and generally conducted day-to-day activities in Travis County conclusively established residence in fact and her intent to make the Travis County residence her home. *Id.* at 851.

In the present case, Fernández produced volumes of evidence which she claims establish the decedent's residence in fact and his intent to make one of those residences his home. But the above evidence does not conclusively establish the decedent's residence in fact. Also, nowhere in the record does Fernández demonstrate a clear, express statement of the decedent's intent to establish a domicile or residence. Thus, Fernández did not present conclusive evidence establishing the decedent's domicile. Fernández also failed to present persuasive argument or authority supporting her contention that the Bexar County probate court failed to correctly analyze or apply the law. For these reasons, we hold the Harris County probate court did not abuse its discretion by denying Fernández's motion for rehearing/new trial. Because we hold that the Harris County probate court did not abuse its discretion, we must deny Fernández's petition for writ of mandamus.

\* \* \*

For the foregoing reasons, we dismiss Francisco's appeal and deny her petition for writ of mandamus.