

# IN THE
# TENTH COURT OF APPEALS

## No. 10-10-00161-CV

**WILLIAM R. VANCE, JR., INDIVIDUALLY
AND AS INDEPENDENT EXECUTOR OF THE
ESTATE OF FLORENE K. GRACE, DECEASED,**

                                        **Appellant**

 **v.**

**CAROLYN G. VANCE,**

                                        **Appellee**

### From the County Court at Law No. 1
### Brazos County, Texas
### Trial Court No. 12,787-PC

## MEMORANDUM OPINION

This suit arises from probate proceedings in the Estate of Florence K. Grace, deceased. William R. Vance, Jr., Individually and as Independent Executor of the Estate, appeals from two trial court orders: (1) an order holding him in contempt for failure to comply with a discovery order and ordering him to pay attorney's fees; and (2) an order granting sanctions against him for violation of the contempt order. Carolyn filed a motion to dismiss the appeal. We dismiss the appeal for want of jurisdiction.

Generally, appeals may be taken only from final judgments. *Brittingham-Sada de Ayala v. Mackie*, 193 S.W.3d 575, 578 (Tex. 2006). Probate proceedings give rise to a recognized exception to that general rule since multiple judgments may be rendered on discrete issues before the entire probate proceeding is concluded. *Fernandez v. Bustamante*, 305 S.W.3d 333, 337 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (citing *Brittingham*, 193 S.W.3d at 578). Not every interlocutory order in a probate case is appealable. *Brittingham*, 193 S.W.3d at 578. The Texas Supreme Court has adopted a test for determining jurisdiction:

> If there is an express statute, such as the one for the complete heirship judgment, declaring the phase of the probate proceedings to be final and appealable, that statute controls. Otherwise, if there is a proceeding of which the order in question may logically be considered a part, but one or more pleadings also part of that proceeding raise issues or parties not disposed of, then the probate order is interlocutory.

*Crowson v. Wakeham*, 897 S.W.2d 779, 783 (Tex. 1995); *Brittingham*, 193 S.W.3d at 578; *Fernandez*, 305 S.W.3d at 337-38.

In this case, there is no applicable rule or statute stating that either contempt orders or sanctions orders are final judgments. Neither order is an appealable interlocutory order. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a) (Vernon 2008). Moreover, contempt orders are reviewable by mandamus or habeas corpus, not direct appeal. *See Pandozy v. Beaty*, 254 S.W.3d 613, 616 (Tex. App.—Texarkana 2008, no pet.); *see also Smith v. Detrich*, No. 03-07-00726-CV, 2010 Tex. App. LEXIS 238, at *11-12 (Tex. App.—Austin Jan. 13, 2010, no pet.) (mem. op.). Sanctions orders do not dispose of all parties and claims; therefore, they are not final. *See* TEX. R. CIV. P.

215.1(d); *see also* TEX. R. CIV. P. 215.2(b)(8); TEX. R. CIV. P. 215.3; *Zep Mfg. Co. v. Anthony*, 752 S.W.2d 687, 689 (Tex. App.—Houston [1st Dist.] 1988, orig. proceeding) (Rule 215 "clearly prohibits *appeals* of interlocutory sanction orders."); *Thomas & Son's, Inc. v. Seabrook Land Co.*, No. 01-09-00420-CV, 2009 Tex. App. LEXIS 7734, at *1-2 (Tex. App.—Houston [1st Dist.] Oct. 1, 2009, no pet.) (mem. op.).

Because neither the contempt order nor the sanctions order is an appropriate subject for direct appeal in this case, we grant Carolyn's motion and dismiss the appeal for want of jurisdiction. *See* TEX. R. APP. P. 42.3(a).

FELIPE REYNA
Justice

Before Justice Reyna,
     Justice Davis, and
     Judge Rick Morris[1]
Dismissed for want of jurisdiction
Opinion delivered and filed June 23, 2010
[CV06]

---

[1] The Honorable Rick Morris, Judge of the 146th District Court, sitting by assignment of the Chief Justice of the Supreme Court of Texas pursuant to section 74.003(h) of the Government Code. *See* TEX. GOV'T CODE ANN. § 74.003(h) (Vernon 2005).