**Affirmed and Memorandum Opinion filed September 29, 2011.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-10-00675-CV

---

## CLENTEN CARR AND WALTERINE CARR, INDIVIDUALLY AND AS NEXT FRIEND OF KATARA MCDUFFIE AND MIA BROOKS, MINORS, Appellants

### V.

## UNION PACIFIC RAILROAD COMPANY, Appellee

---

**On Appeal from the 258th District Court
San Jacinto County, Texas
Trial Court Cause No. CV 12035**

---

## MEMORANDUM OPINION

Appellants Clenten and Walterine Carr appeal the trial court's grant of no-evidence summary judgment in favor of appellee Union Pacific Railroad Company. We affirm.

I

This case arises out of the collision and derailment of two Union Pacific trains. The wreck occurred across the street from the Carrs' home and involved a railcar carrying methyl isobutyl ketone, a colorless liquid chemical used primarily as a solvent.

Methyl isobutyl ketone can be dangerous to humans, but toxic exposures are rare because the chemical is easy to smell—even at relatively low concentrations.

Immediately after the collision, the Carrs noticed strange smells, and they complained of a variety of physical ailments—headaches, congestion, and runny noses. The Carrs sued Union Pacific for negligence asserting both personal injuries and property damage.[1] After the Carrs' physician admitted during a deposition that he could not link the Carrs' symptoms to the train collision, the Carrs moved forward relying on their own lay testimony to demonstrate causation and damages. Union Pacific moved for no-evidence summary judgment under Texas Rule of Civil Procedure 166a(i). The trial court granted that motion with a two-paragraph order:

> On this day came for consideration Defendant Union Pacific Railroad Company's No-Evidence Motion for Summary Judgment. The Court, having considered the Motion, responses thereto and argument of counsel, finds that it should be Granted.
>
> IT IS THEREFORE ORDERED that because the Plaintiffs have not presented any expert witness testimony on the issues of proximate cause or damages, Defendant Union Pacific Railroad Company's No-Evidence Motion for Summary Judgment is hereby GRANTED.

The Carrs appeal this order by arguing that expert testimony is not required, but they simultaneously argue that this court has no jurisdiction over their appeal because the order granting summary judgment was not an appealable final judgment.

## II

### A

As a preliminary matter, we must determine whether we have jurisdiction to hear this case. *See Fernandez v. Bustamante*, 305 S.W.3d 333, 337 (Tex. App.—Houston [14th Dist.] 2010, no pet.). Unless a statute specifically authorizes an interlocutory

---

[1] The property-damage claim was not a part of the Carrs' original petition, but their first amended original petition listed personal injuries and property damage in separately numbered sections.

appeal, appellate courts have jurisdiction over final judgments only. *Lehmann v. Har-Con Corp.*, 39 S.W.3d 191, 195 (Tex. 2001). A judgment is final for purposes of appeal if it disposes of all pending parties and claims in the record, except as necessary to carry out the decree. *Id.* Such an order is appealable even if it does not purport to be final as long as it disposes of the entire case. *Id.* at 204. The trial court's intent to dispose of the entire case must be clear, but the order itself need not exhaustively restate all the relevant considerations. *See id.* at 205. If the appellate court is uncertain about a trial court's intent, it may resolve those uncertainties by examining the record or simply asking the trial court for clarification. *Id.* at 205–06. When the language of the order is clear, it must be given effect despite any indications that one or more parties did not intend for the judgment to be final. *Id.* at 206.

The Carrs contend that the summary-judgment order below was an unappealable interlocutory order, but they are incorrect. It is unmistakably a final judgment. The Carrs' sole cause of action was negligence, which consists of four elements: duty, a breach of that duty, proximate cause, and damages. *See Doe v. Boys Clubs of Greater Dallas, Inc.*, 907 S.W.2d 472, 477 (Tex. 1995). The trial court found no evidence of two of the four elements[2] and granted summary judgment as provided for in the Texas Rules of Civil Procedure. *See* Tex. R. Civ. P. 166a(i). The order disposed of the Carrs' negligence claim, and no other claims remain before the trial court. Thus, the order granting summary judgment is final and appealable. *See Lehmann*, 39 S.W.3d at 200 ("A judgment that finally disposes of all remaining parties and claims, based on the record in the case, is final, regardless of its language.").

---

[2] The court below reasoned that summary judgment was proper because "the Plaintiffs have not presented any expert witness testimony on the issues of proximate cause or damages." The trial court's obvious implication is that, in this case, expert testimony is necessary to demonstrate proximate cause and damages. As explained below, we agree that—at least regarding causation—expert testimony is required. But even if we did not, a trial court's erroneous legal conclusions do not prevent an otherwise final judgment from being recognized as such. *See Lehmann*, 39 S.W.3d at 200 ("So, for example, if a defendant moves for summary judgment on only one of four claims asserted by the plaintiff, but the trial court renders judgment that the plaintiff take nothing on all claims asserted, the judgment is final— erroneous, but final.").

3

B

A no-evidence summary judgment is essentially a pretrial directed verdict, and we apply the same legal-sufficiency standard in reviewing a no-evidence summary judgment as we apply in reviewing a directed verdict. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003). We review the evidence in the light most favorable to the non-movant, disregarding all contrary evidence and inferences. *Id.* at 751. A no-evidence summary judgment is improperly granted if the respondent brings forth more than a scintilla of probative evidence to raise a genuine issue of material fact. *Id.* More than a scintilla of evidence exists when the evidence rises to a level that would enable reasonable and fair-minded people to differ in their conclusions. *Id.* Less than a scintilla of evidence exists when the evidence amounts to nothing more than a mere surmise or suspicion. *Id.*

When causation is at issue, the causal link between an event sued upon and the plaintiffs' injuries must be shown by competent evidence. *Morgan v. Compugraphic Corp.*, 675 S.W.2d 729, 732 (Tex. 1984). Lay testimony will suffice when general experience and common sense will enable a lay person fairly to determine the causal connection. *Praytor v. Ford Motor Co.*, 97 S.W.3d 237, 241 (Tex. App.—Houston [14th Dist.] 2002, no pet.). The existence of a causal connection between exposure to a certain chemical and injury or disease requires specialized expert knowledge and testimony because such matters are not within the common knowledge of lay persons. *Abraham v. Union Pac. R.R. Co.*, 233 S.W.3d 13, 18 (Tex. App.—Houston [14th Dist.] 2007, pet. denied).

Despite their assertions to the contrary,[3] the Carrs have only one colorable argument: Their symptoms were caused by exposure to the methyl isobutyl ketone

---

[3] The Carrs offer vague arguments that their case should not be examined under a toxic-tort analysis, but they fail to show that any other analysis would be proper: "Appellee wants to make this a toxic tort case involving Methyl Isobutyl Ketone. Appellee furnished the name of the chemical to the Appellants that was allegedly released from an overturned tank car. . . . Appellants became ill after going

4

leaking from Union Pacific's railcar after the underlying collision. The Carrs do not allege that anything other than exposure to a noxious chemical caused their symptoms.[4] As a result, the Carrs must present expert evidence to prove causation. *See id.* Because they have not done so, the trial court was correct in granting Union Pacific's no-evidence motion for summary judgment.

Having found the lack of causation evidence sufficient to sustain the no-evidence motion for summary judgment, we decline to decide whether expert testimony was necessary to prove damages.

* * *

For the foregoing reasons, we affirm the trial court's judgment.


/s/     Jeffrey V. Brown
        Justice


Panel consists of Justices Anderson, Brown, and Christopher.

---

outside and experiencing the horrific incident. The Appellee wants to ignore the totality of this train collision and derailment case."

[4] Likewise, the record is devoid of any showing of causation for the Carrs' alleged property damage. Once Union Pacific filed its no-evidence motion for summary judgment, the Carrs had the burden of producing evidence of a fact issue to be decided at trial. *See Mack Trucks, Inc. v. Tamez*, 206 S.W.3d 572, 581 (Tex. 2006). Rather than presenting any evidence of property damage, the Carrs merely listed the exhibits already before the trial court—none of which so much as mention property damage, much less allege a causal link between the train wreck and damage to the Carrs' property.