

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

---

No. 07-24-00309-CV

---

IN THE MATTER OF THE GUARDIANSHIP OF KENNETH GREGG,
AN INCAPACITATED PERSON

---

On Appeal from the County Court at Law No. 3
Lubbock County, Texas
Trial Court No. CC-2023-GD-0078, Honorable Ben Webb, Presiding

---

May 29, 2025

## MEMORANDUM OPINION

Before PARKER and DOSS and YARBROUGH, JJ.

Monte Gregg appeals the trial court's *Order Appointing Permanent Guardian*, which appointed Sharla Gregg as guardian of the person and Lucretia Howe as guardian of the estate of Kenneth Gregg, the 92-year-old father of the parties to this appeal.[1] We affirm the trial court's order.

---

[1] Because many of the parties share the same surname, we will refer to them by their first names.

## BACKGROUND

Kenneth is the owner of thousands of acres of land in multiple counties on which he has conducted substantial farming operations. In 2023, he experienced complex and severe health issues, including the amputation of a portion of his left leg and a diagnosis of moderate to severe dementia, that required him to move into a specialized living facility in Lubbock County. In December of 2023, Lucretia and Sharla filed an application for appointment of temporary and permanent guardianship of Kenneth in Lubbock County. On December 22, the trial court entered an order appointing Lucretia temporary guardian of Kenneth's estate and Sharla temporary guardian of Kenneth's person. In February and March of 2024, respectively, Monte filed an opposition to Lucretia and Sharla's guardianship request and his own application for appointment of guardian of the person and estate of Kenneth. After holding a hearing over the course of three days in May and July of 2024, the trial court entered its *Order Appointing Permanent Guardian*. Monte requested findings of fact and conclusions of law, which the trial court issued. Monte timely appealed the guardianship order.

By his appeal, Monte presents three issues. Monte's first issue contends that venue was not proper in Lubbock County. By his second issue, Monte contends that the trial court appointed Lucretia and Sharla without requiring them to send notice to Hale State Bank or its successor in interest and file proof of notice with the trial court. Monte's third issue contends that the trial court failed to adequately consider Kenneth's preference to have Monte serve as the guardian of his person and estate.

**STANDARD OF REVIEW**

Guardianship determinations are reviewed for abuse of discretion. *In re Guardianship of Alabraba*, 341 S.W.3d 577, 579 (Tex. App.—Amarillo 2011, no pet.). A trial court abuses its discretion when it acts arbitrarily or unreasonably, without reference to guiding rules and principles, or fails to analyze or apply the law correctly. *Iliff v. Iliff*, 339 S.W.3d 74, 78 (Tex. 2011). It is not an abuse of discretion if some evidence of substantive and probative character exists to support the trial court's decision. *Butnaru v. Ford Motor Co.*, 84 S.W.3d 198, 211 (Tex. 2002).

**VENUE**

By his first issue, Monte contends that venue was not proper in Lubbock County because Kenneth intended to return to Floyd County.

A guardianship proceeding "shall be brought in the county in which the proposed ward resides or is located on the date the application is filed or in the county in which the principal estate of the proposed ward is located." TEX. EST. CODE ANN. § 1023.001(a). Before a guardian may be appointed, the court must find, by a preponderance of the evidence, that the court has venue of the case. *Id.* § 1101.101(a)(2)(A).

The application for the appointment of temporary and permanent guardian of Kenneth, which was filed on December 15, 2023, identifies that Kenneth's principal estate is in Lockney, Texas, which is in Floyd County, but also alleges that Kenneth currently resides in Lubbock, Texas, in Lubbock County. The trial court had the report of the court's investigator, which stated that Kenneth resided at Crown Point Health Suites in Lubbock County. Further, testimony at the final hearing was presented that Kenneth had resided

at Crown Point in Lubbock County since the first week of November of 2023. While there was testimony that Kenneth intended to return to Lockney and that he considered that his permanent home, a preponderance of the evidence established that Kenneth resided in Lubbock County at the time that the guardianship application was filed.

Monte cites *Fernandez v. Bustamante*, 305 S.W.3d 333, 343 (Tex. App.—Houston [14th Dist.] 2010, no pet.), and *Maddox v. Surber*, 677 S.W.2d 226, 228 (Tex. App.—Houston [1st Dist.] 1984, no pet.), for the proposition that for a location to be a residence, there must be an intention of making that location one's permanent home. However, these cases support this proposition in the context of probate proceedings, where venue is based on the decedent's domicile or fixed place of residence. *See Fernandez*, 305 S.W.3d at 342 (citing former Probate Code section establishing venue for probate in county in which decedent "had a domicile or fixed place of residence"). By contrast, section 1023.001(a) of the Estates Code establishes venue for purposes of guardianship proceedings in the county in which the proposed ward resides or is located when the application is filed. *See* TEX. EST. CODE ANN. § 1023.001(a). Nothing in the statute requires or even discusses the county of domicile or fixed place of residence. *Id.* Rather, as discussed in *Fernandez*, "[a] person may establish only one domicile, but may have several residences." 305 S.W.3d at 342–43.

Because sufficient evidence established that Kenneth resided in Lubbock County at the time that the application for guardianship was filed, the trial court did not err in finding venue for this proceeding in Lubbock County. We overrule Monte's first issue.

## NOTICE UNDER ESTATES CODE SECTION 1051.104

By his second issue, Monte contends that the trial court abused its discretion by granting the guardianship application despite Lucretia and Sharla failing to comply with the requisites of section 1051.104 of the Texas Estates Code.

An applicant for guardianship "shall send a copy of the application and a notice . . ." to "a person designated to serve as guardian of the proposed ward by a written declaration . . . if the applicant knows of the existence of the declaration . . . ." TEX. EST. CODE ANN. § 1051.104(a)(6). Proof of notice and the return receipts or other proofs of delivery must be filed with the court along with an affidavit regarding compliance with the notice requirements under subsection (a). *Id.* § 1051.104(b).

In the present case, it is undisputed that Lucretia and Sharla were aware that Kenneth had made such a declaration in 2006. In this declaration, Kenneth provided that Lucretia and Hale County State Bank would serve as co-guardians of his estate. It is also undisputed that Lucretia and Sharla did not send the required notice to Hale County State Bank. Rather, Lucretia testified that Hale County State Bank had ceased to exist.[2] She also testified that she did not notify any successor in interest of Hale County State Bank because she was advised by her attorneys that she did not need to. Notably, the declaration does not designate Hale County State Bank and its successors in interest. Likewise, nothing in section 1051.104(a)(6) requires an applicant to notify a successor in interest when such notice is not expressly required by the declaration. *See id.*

_____

[2] Kenneth's declaration further provides that, "[i]f either co-guardian ceases to serve as co-guardian of my estate, I designate the other to serve as sole guardian of my estate."

5

§ 1051.104(a)(6).  Similarly, Monte does not cite to any authority that requires an applicant to provide the statutory notice to a successor in interest.  *See In re Guardianship of Phillips*, No. 01-14-01004-CV, 2016 Tex. App. LEXIS 6373, at *11 (Tex. App.—Houston [1st Dist.] June 16, 2016, no pet.) (mem. op.) ("[S]ection 1051.104[(a)] requires that notice be provided *to the persons listed* . . . if their whereabouts are known or can be reasonably ascertained." (emphasis added)).  The specific requirement that notice be provided to the person designated evinces an intent by the legislature to require service only on the specific persons designated by the declaration.  *See Lee v. City of Houston*, 807 S.W.2d 290, 294–95 (Tex. 1991) ("A court may not judicially amend a statute and add words that are not implicitly contained in the language of the statute.").  Further, the lack of notice under section 1051.104 is not jurisdictional.  *See Hailey v. Paduh*, No. 04-12-00823-CV, 2014 Tex. App. LEXIS 4881, at *31 (Tex. App.—San Antonio May 7, 2014, no pet.) (mem. op.) (section 1051.104(a)(1)'s mandate requiring notice to a proposed ward's adult children is not jurisdictional).

For the foregoing reasons, we overrule Monte's second issue.

### KENNETH'S PREFERENCE

By his third issue, Monte contends that the trial court failed to properly consider Kenneth's preference regarding who should be appointed as his guardian before issuing its guardianship order.  Monte bases this argument on the fact that the trial court did not enter a finding of fact or conclusion of law expressly indicating that it considered Kenneth's preference of who should be appointed his guardian.

6

The trial court is required to appoint a guardian for an incapacitated person according to the circumstances and considering the incapacitated person's best interests. TEX. EST. CODE ANN. § 1104.101.  In addition, "[b]efore appointing a guardian, the court shall make a reasonable effort to consider the incapacitated person's preference of the person to be appointed guardian . . . ."  *Id.* § 1104.002.  There is no requirement in the Estates Code that the trial court express on the record that it gave due consideration to the proposed ward's preference.  We are to presume that the trial court followed the law unless a complaining party establishes otherwise.  *In re Marriage of Maldonado*, No. 07-23-00307-CV, 2024 Tex. App. LEXIS 3605, at *4 (Tex. App.—Amarillo May 23, 2024, no pet.) (mem. op.) (citing *Tex. Dep't of Pub. Safety v. Raffaelli*, 905 S.W.2d 773, 776 (Tex. App.—Texarkana 1995, no writ), and *S. Ins. Co. v. Brewster*, 249 S.W.3d 6, 13 (Tex. App.—Houston [1st Dist.] 2007, pet. denied)).

During the hearing on the application for guardianship, Kenneth testified that he would prefer that Monte be appointed the guardian of his person and estate.  Additionally, Linda Quintanilla, Kenneth's long-time employee and caregiver, testified that Kenneth told her that he wanted to have Monte take care of his financial affairs.  Further, during his closing, Kenneth's attorney ad litem argued that, if a guardian needed to be appointed, Monte should be appointed to be the guardian of Kenneth's person.  However, the trial court also had before it Kenneth's Declaration of Guardian, which requested that Sharla serve as the guardian of his person and Lucretia serve as the guardian of his estate.  It is worth noting that the trial court also had been presented evidence that Kenneth had been diagnosed with moderate to severe dementia prior to the hearing.  Nothing in the record establishes that the trial court did not give due regard to Kenneth's stated

7

preferences and Monte has not established otherwise.  Consequently, we are obligated to presume that the trial court followed the law and made a reasonable effort to consider Kenneth's preference of the person to be appointed the guardian of his estate.  *See id.*

Because the record does not reflect that the trial court failed to make a reasonable effort to consider Kenneth's preference of the person to be appointed his guardian, we overrule Monte's third issue.

## CONCLUSION

Having overruled each of Monte's issues, we affirm the trial court's *Order Appointing Permanent Guardian*.

Judy C. Parker<br>
Justice