COMMERCIAL STANDARD INSURANCE
COMPANY, Appellant,

v.

Billy J. NUNN, Appellee.

No. 8011.

Court of Civil Appeals of Texas,
Texarkana.

Jan. 19, 1971.

Rehearing Denied Feb. 23, 1971.

**416**

R. H. Brin, Jr., Strasburger, Price, Kelton, Martin & Unis, Dallas, for appellant.

Harry Friedman, Harkness, Friedman & Kusin, Texarkana, for appellee.

CHADICK, Chief Justice.

This is a venue case. The appeal is from an order overruling a plea of privilege by a district court of Bowie County in an action to recover pecuniary damage accruing under the terms of an *uninsured motorist* provision of an automobile insurance contract.

Billy Wayne Nunn, the minor son of appellee Billy J. Nunn, was killed in an automobile collision on August 23, 1968. In a trial before the court of the issues made by the venue pleadings a controversy emerged with respect to whether or not Billy J. Nunn was a resident of Bowie County, Texas, on August 23, 1968. The trial court impliedly found that he was such a resident at the time mentioned. Also, by implication and apparent reliance upon the terms of Vernon's Ann.Tex.Rev.Civ.Stat. art. 1995, subd. 23 (1964) where it is provided that suits against a private corporation may be brought in the county in which the plaintiff resides at the time the cause of action, or part thereof, arose (if the corporation has an agency or representative therein), the trial judge overruled the plea of privilege.

The proof offered is of a character and probative value that will support the judgment of the trial court. Omitting recital of detail there is testimony from which the trial court could have found, and impliedly did so, that appellee Nunn accompanied by his family left Spring Lake, Lamb County, on or shortly prior to July 20, 1968, with the fixed purpose of changing his domicile from Lamb County to Bowie County. He arrived in Bowie County with his family on July 20, 1968, and on arrival put up at

the home of a cousin for four days. Finding no dwelling house available for rent in Maud, Bowie County, where his wife had employment, he rented a house several miles away at Douglasville in Cass County and moved into it. He testified the move to Cass County was intended to be of a temporary nature and that he intended to return to Bowie County when a house could be found. He entered into a contractual arrangement on July 27, seven days after arriving in Bowie County and three days after taking the house in Cass County, to lease a house for occupancy in Bowie County as soon as the house could be cleaned and repainted. He and his wife were both employed in Bowie County, and spent their work days there. On September 2, 1968, he moved his family from Cass County to the house in Bowie County that he had contracted to lease on July 27th. In explanation of delay he testified his wife's ill health prevented earlier return to Bowie County.

■ ■ A domicile is established by physical presence in a particular place or locality, coupled with an intention to adopt the place or locality as a domicile. Snyder v. Pitts, 150 Tex. 407, 241 S.W.2d 136 (1951); Ex Parte Blumer, 27 Tex. 734; Switzerland Gen. Ins. Co. Limited v. Gulf Ins. Co., 213 S.W.2d 161 (Tex.Civ.App. Dallas, 1948); 21 Tex.Jur.2d Domicil § 3 (1961); 25 Am.Jur.2d Domicil § 17 (1966); 28 C.J.S. Domicile § 9 (1941). Once the domicile is established it is not lost unless removal from it is made with intent not to return. Graves v. Campbell, 74 Tex. 576, 12 S.W. 238 (1889); 21 Tex. Jur.2d Domicil § 10 (1961); 25 Am.Jur.2d Domicil § 18 (1916). Although this state's courts do not appear to have previously had occasion to consider the question, the courts of other jurisdictions hold that in establishing a domicile length of residence is not a factor, and simple presence is sufficient when the requisite intent is shown to exist. Republic v. Young, Dallam 464 (1842); 21 Tex.Jur.2d Domicil § 3 (1961); 25 Am.Jur.2d Domicil § 23

(1966); 28 C.J.S. Domicile § 10b (1941). Nor, according to the decisions from other jurisdictions, is the nature of the menage, housing, or living quarters material, the place of abode may be the house of a relative or friend. 25 Am.Jr.2d Domicil § 20 (1966). It is said in *Snyder:* "Residence is a lessor-included element within the technical definition of domicile." Evans v. American Pub. Co., 118 Tex. 433, 13 S.W. 2d 358 (Tex.Com.App.1929, opinion adopted) is cited in Snyder as authority for the conclusion quoted.

■ The facts related show a concurrence of Billy J. Nunn's presence in Bowie County and intent to make it his domicile, along with evidence impliedly accepted by the trial court that he had not intentionally changed, given up, or abandoned the Bowie County domicile thus perfected when he temporarily moved to Cass County. Under these circumstances he was a resident of Bowie County on August 23, 1968, at the time his cause of action under the policy arose.

All of appellant's points of error have been carefully examined, and no error is found requiring a reversal of the trial court judgment. Accordingly, the judgment of the trial court is affirmed.