Ned MADDOX, Appellant,

v.

W.O. SURBER, Appellee.

No. 01–84–0303–CV.

Court of Appeals of Texas,
Houston (1st Dist.).

Aug. 30, 1984.

Rehearing Denied Sept. 20, 1984.

John F. Heard, Baker & Botts, Erich F. Klein, Jr., Lyne & Klein, Houston, for appellant.

O. Theodore Dinkins, Jr., Butler & Binion, Judith W. Lenox, Butler & Binion, Houston, for appellee.

Before DOYLE, DUGGAN and LEVY, JJ.

## OPINION

DOYLE, Justice.

This is an appeal from an order of the probate court admitting a will and codicil to probate in Harris County after overruling a motion contesting venue.

Decedent, Lillian McDonald Maddox, and Ned Maddox resided together as husband and wife in Dallas for many years. They had no children by their marriage, but Mrs. Maddox had a son by a prior marriage who is the appellee. Decedent by will and codicil devised her estate to her son and appointed him independent executor. The parties stipulated that both the original will and the codicil were valid, and that citation for the probate of the original will and codicil was properly issued and notice duly given.

On September 14, 1983, Mrs. Maddox separated from her husband and came to Houston where she lived with her son until her death at his home on October 15, 1983. Mrs. Maddox had filed suit for divorce in Dallas County on September 23, 1983, but except for a show cause order entered on October 5, there were no further proceedings in the divorce case. After appellee filed the application to probate the will and codicil in Harris County, appellant filed an application in opposition and sought transfer of the case, alleging that decedent was domiciled in Dallas County. Appellee opposed such a transfer and alleged that the decedent had her fixed place of residence and domicile in Harris County at the time of her death.

The probate court ruled that Tex.R.Civ. Stat.Ann. art. 1995 (Vernon Supp. 1984) and the Texas Rules of Civil Procedure govern the proceedings, and therefore the issues in the case should be decided on the basis of the pleadings and affidavits filed. The court ordered that no jury trial would be permitted on the venue issue, and after

considering the pleadings and affidavits, held that venue was proper in Harris County. The will and codicil were admitted to probate, and the appellee was appointed independent executor.

Appellant brings two points of error on appeal challenging the court's ruling that venue was proper in Harris County. In his first ground of error he urges that the probate court erred in refusing a jury trial on the venue issue, and in determining that issue solely on the basis of affidavits. Appellant argues that Tex.Prob.Code Ann. secs. 6 and 21 (Vernon 1980) (venue and right to jury trial) entitle a party to a jury trial on any contested fact issue in probate proceedings. The relevant portion of section 6 provides that:

> Wills shall be admitted to probate, and letters testamentary or of administration shall be granted:
> (a) In the county where the deceased resided, if he had a domicile or fixed place of residence in this State.

The right to jury trial on contested issues is found in section 21:

> In all contested probate and mental illness proceedings of the district court or in the county court or statutory probate court, county court at law or other statutory court exercising probate jurisdiction, the parties shall be entitled to trial by jury *as in other civil actions.* (emphasis added)

Appellant argues that this section provides for a jury trial on all contested issues in probate proceedings, and therefore the trial court erred in denying his demand for jury trial on the issue of venue.

■ The portion of section 21 emphasized above allows jury trials for contested probate proceedings only as in other civil actions. The legislature has recently amended the rules on venue and repealed those portions that provide for a jury trial, and subsequent interlocutory appeals, on venue issues. Ch. 385, sec. 1, 1983 Tex. Gen.Laws 2119. Article 1995 applies to all *civil* proceedings, including probate proceedings, in the absence of a conflict with a specific statutory provision. Art. 1995, sec.

2(f); *see also* Tex.R.Civ.P. 2. Because no jury is provided for under the new venue rules in other civil actions, there is no right to a jury under the probate code for venue in probate cases. No special exception is created by the new version of article 1995 solely for probate proceedings. *E.g., Graue-Haws, Inc. v. Fuller,* 666 S.W.2d 238 (Tex.App.—El Paso 1984, no writ). Appellant's first point of error is overruled.

In his second point of error appellant argues that decedent did not change her legal domicile from Dallas County to Harris County. If venue in the trial court was improper, it is reversible error. Art. 1995, sec. 4(d)(2). However, if appellee offered prima facie evidence that decedent was a Harris County resident at the time of her death and that venue was proper in Harris County, then the court was correct in disregarding appellant's controverting evidence and ruling for appellee. Tex.R.Civ.P. 87(3)(c).

■ Wills must be admitted to probate in the county where the deceased resided, if the decedent had a domicile or fixed place of residence in Texas. Prob.Code sec. 6(a). For the purpose of determining venue in probate proceedings, "domicile" and "fixed place of residence" are synonymous. *Slay v. Dubose,* 144 S.W.2d 594, 596 (Tex.Civ.App.—Fort Worth 1940, writ ref'd); *Halverson v. Livengood,* 4 S.W.2d 588 (Tex.Civ.App.—Texarkana 1928, no writ). If two or more counties could have been the decedent's domicile, the judge of the court in which the first application is filed must determine where venue is proper. Prob. Code sec. 8.

■ The essential elements of domicile are residence in fact, coupled with the purpose to make the place of residence one's permanent home. *Texas v. Florida,* 306 U.S. 398, 425, 59 S.Ct. 563, 576, 83 L.Ed. 817 (1939); *see Peacock v. Bradshaw,* 145 Tex. 68, 194 S.W.2d 551 (1946) (domicile defined for purposes of determining custody of child). The period of time that the decedent resided in the county is irrelevant so long as the act and the intention to

acquire a domicile coexist. *See, e.g., Commercial Standard Insurance Company v. Nunn,* 464 S.W.2d 415, 417 (Tex.Civ.App.—Texarkana 1971, writ dism'd) (domicile for venue in wrongful death action).

The affidavits, which comprise the record in this case, support the trial court's finding that Mrs. Maddox was a resident of Harris County at the time of her death. When she separated from her husband she brought her dog, clothing, jewelry, and personal effects with her to Houston. She lived with appellee, her only child. She terminated at least one of her bank accounts in Dallas and established an account in Houston. She shopped for a condominium, and told the sales representative that she planned to make Houston her permanent home. She told friends she would forward her new Houston address as soon as she was settled.

We find the evidence was sufficient to make a prima facie showing that Mrs. Maddox resided in Houston at the time of her death and intended to make Harris County her permanent, fixed place of residence. The trial court did not err in determining that Harris County was the proper venue to probate the will and codicil. Appellant's second point is overruled.

Appellant has stipulated that all other legal requirements were met to admit the will to probate. The judgment of the trial court is affirmed.