

# The Attorney General of Texas

March 10, 1986

JIM MATTOX
Attorney General

Supreme Court Building
P. O. Box 12548
Austin, TX. 78711-2548
512/475-2501
Telex 910/874-1367
Telecopier 512/475-0266

714 Jackson, Suite 700
Dallas, TX. 75202-4506
214/742-8944

4824 Alberta Ave., Suite 160
El Paso, TX. 79905-2793
915/533-3484

1001 Texas, Suite 700
Houston, TX. 77002-3111
713/223-5886

806 Broadway, Suite 312
Lubbock, TX. 79401-3479
806/747-5238

4309 N. Tenth, Suite B
McAllen, TX. 78501-1685
512/682-4547

200 Main Plaza, Suite 400
San Antonio, TX. 78205-2797
512/225-4191

An Equal Opportunity/
Affirmative Action Employer

Honorable Mike Driscoll
Harris County Attorney
1001 Preston, Suite 634
Houston, Texas   77002

Opinion No.  JM-448

Re:  Whether a county clerk must collect $5.00 in court costs in probate matters under article 1630d, V.T.C.S.

Dear Mr. Driscoll:

You have asked whether probate proceedings are civil suits within the meaning of section 3 of article 1630d, V.T.C.S.  Article 1630d, V.T.C.S., provides in part as follows:

> Sec.  2.  The commissioners court, by order, shall establish an appellate judicial system fund to:
>
> (1)  assist the courts of appeals in the supreme judicial district of the State of Texas in processing appeals filed from the county court, county courts at law, probate courts, and district courts; and
>
> (2)  defray costs and expenses incurred for the operation of the court of appeals within the State of Texas for which the county is required by law to reimburse other counties within the supreme judicial district.
>
> Sec.  3.  (a)  In order to fund the appellate judicial system, the commissioners court of each county within the supreme judicial district of the State of Texas shall set a court costs fee of not more than $5 for each <u>civil suit</u> filed in a county court, county court at law, <u>probate court</u>, or district court in the county, except for suits for the collection of delinquent taxes.  (Emphasis added).

You have informed us that on August 27, 1985, pursuant to section 2 of article 1630d, the commissioners court of Harris County approved

an order establishing an appellate judicial system fund and setting a court cost fee of $5.00 for each civil suit filed in a county court, county court at law, probate court, or district court, except for suits for collection of delinquent taxes. The order became effective on September 1, 1985.

It is our duty to give full recognition to the legislative intent and purpose in construing section 3(a). See Patterson v. City of Dallas, 355 S.W.2d 838 (Tex. Civ. App. - Dallas 1962, writ ref'd n.r.e.). We must ascertain whether probate proceedings are civil suits in the context of section 3(a). As quoted above, section 3(a) of article 1630d allows the county clerk to collect the $5.00 fee for each "civil suit" filed in specified courts in the counties in a court of appeals district with a population of at least three million. V.T.C.S. art. 1630d, §§1, 3(a). Although the term "civil jurisdiction" as used in the state constitution does not include probate jurisdiction, see Tex. Const. art. V, §§8, 16, 17, 22; State v. Gillette's Estate, 10 S.W.2d 984 (Tex. Comm'n App. 1928, judgmt adopted), we believe that the legislature's use of the term "civil suit" in section 3(a) necessarily includes those suits in which a probate court has jurisdiction.

Jurisdiction over probate proceedings is conferred by the constitution and statutes of this state. See Tex. Const. art. V, §§8, 16, 22. See also V.T.C.S. art. 1970-110a et seq. (statutory probate courts in Harris County); Boman v. Howell, 618 S.W.2d 913 (Tex. Civ. App. - Fort Worth 1981, no writ). The jurisdiction of some probate courts, including the probate courts in Harris County, is limited by statute to the general jurisdiction of a probate court. See V.T.C.S. art. 1970-110a, §2; Prob. Code, §3(ii). Probate matters may be filed in a county court, statutory probate court, or certain county courts at law. See Prob. Code §5.

Legislative history reveals that there was no reason to list "probate court" in section 3(a) of article 1630d, V.T.C.S., unless the legislature intended the court costs fees to apply to probate matters. The original version as introduced in the Texas House of Representatives did not include the term "probate court" as coming under the jurisdiction of the appellate judicial system. However, a House Committee substitute, passed by both houses, added the term within the provision. See H.B. No. 1889, Bill File for H.B. No. 1889, Legislative Reference Library. Consequently, we conclude that the legislature would not have provided a court costs fee for civil suits filed in a probate court unless it intended civil suits to include probate proceedings. See Prob. Code §3(bb) (definition of probate matters or probate proceedings).

Moreover, this conclusion is consistent with established judicial policy that probate matters are generally treated in the same manner

as any other civil action.  See Kotz v. Kotz, 613 S.W.2d 760, 761 (Tex. Civ. App. - Beaumont 1981, no writ); see also Maddox v. Surber, 677 S.W.2d 226 (Tex. Civ. App. - Houston [1st Dist.] 1984, no writ).

S U M M A R Y

Section 3(a) of article 1630d, V.T.C.S., authorizes the county clerk, on order of the commissioners court, to collect a court cost fee of $5.00 for all civil suits, including probate proceedings, filed in a county court, county court at law, probate court, or district court in certain courts of appeals districts.

Very truly yours

JIM MATTOX
Attorney General of Texas

JACK HIGHTOWER
First Assistant Attorney General

MARY KELLER
Executive Assistant Attorney General

ROBERT GRAY
Special Assistant Attorney General

RICK GILPIN
Chairman, Opinion Committee

Prepared by Tony Guillory
Assistant Attorney General