ACCEPTED
04-15-00637-CV
FOURTH COURT OF APPEALS
SAN ANTONIO, TEXAS
10/12/2015 12:00:00 AM
KEITH HOTTLE
CLERK

04-15-00637-CV

FILED IN
4th COURT OF APPEALS
SAN ANTONIO, TEXAS
10/10/2015 4:51:15 PM
KEITH E. HOTTLE
Clerk

IN THE COURT OF APPEALS
FOURTH COURT OF APPEALS DISTRICT
OF TEXAS AT SAN ANTONIO

ANNA T. MUENZ,

Petitioner,

On Petition for Writ of Mandamus from
Probate Court No. One, Bexar County, Texas
Honorable Kelly Cross, presiding
Trial Court Cause No. 2013-PC-2901

PETITIONER'S BRIEF

Respectfully submitted,

Philip M. Ross
State Bar No. 017304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com

ORAL ARGUMENT REQUESTED

By:   /s/  Philip M. Ross
Philip M. Ross
Attorney for Appellant
Anna T. Muenz

## IDENTITY OF PARTIES AND COUNSEL

Party:                          Counsel:

Anna T. Muenz                   Philip M. Ross
                                State Bar No. 17304200
Petitioner                      1006 Holbrook Road
                                San Antonio, Texas 78218
                                Phone: 210/326-2100
                                Email: ross_law@hotmail.com


Cynthia Henkle                  David M. Pyke
                                State Bar No. 16419700
Guardian                        *E-mail: dpyke@dallasprobatelaw.com*
                                Amanda Bullington Stidger
                                State Bar No. 24069031
                                *E-mail: astidger@dallasprobatelaw.com*
                                12655 N. Central Expressway
                                North Central Plaza I, Suite 700
                                Dallas, TX 75243
                                Ph: 214.866.0133
                                Fax: 214.866.0433

Mike Warren
State Bar No. 20885700
206 E. Locust St.
San Antonio, TX 78212
Ph: 214-696-6453
Fax: 214-666-3949
Email: mike@mikewarrenlaw.com
Guardian ad litem

TABLE OF CONTENTS

Page

IDENTITY OF PARTIES AND COUNSEL ..…………………………… ii

TABLE OF CONTENTS …………………………………………… iii

INDEX OF AUTHORITIES ……………………………………….. vi

STATEMENT OF THE CASE ………………………… ………. 1

STATEMENT OF JURISDICTION …………………………….. 4

STATEMENT REGARDING THE RECORD.………………………… 4

ISSUES PRESENTED …………………………………………….. 4

1    Whether the trial court abused its discretion when it signed the Order to Transfer Guardianship to Denton County, dated July 17, 2015, in error because there was no evidence regarding
   (a)   Anna's domicile,
   (b)   a finding that good cause to deny the application was not shown, and
   (c)   that it is in Anna's best interest to transfer the guardianship.
2    Whether Anna's offer of proof at the hearing and subsequently in support of her motion for reconsideration shows that:

   (a)   Anna's domicile is in Bexar County, Texas,
   (b)   that good cause to deny the application has been shown, and
   (c)   that it is not in Anna's best interest to transfer the guardianship.
3    Whether the application to transfer guardianship to Denton County, Texas was untimely.

STATEMENT OF FACTS AND PROCEDURAL BACKGROUND  ..   5

STANDARD OF REVIEW …..........................................……… 23

SUMMARY OF ARGUMENT  …………………………………. 23

ARGUMENT AND AUTHORITY …………...…………………….. 24

ISSUE NO. 1      Whether the trial court abused its discretion
                 when it signed the Order to Transfer Guardianship to
                 Denton County, dated July 17, 2015, in error because
                 there was no evidence regarding
    (a)   Anna's domicile,
    (b)   a finding that good cause to deny the application
          was not shown, and
    (c)   that it is in Anna's best interest to transfer the
          guardianship.

                 ...................................................................... 25

ISSUE NO. 2      Whether Anna's offer of proof at the hearing
                 and subsequently in support of her motion for
                 reconsideration shows that:
    (a)   Anna's domicile is in Bexar County, Texas,
    (b)   that good cause to deny the application has been shown,
          and
    (c)   that it is not in Anna's best interest to transfer the
          guardianship.

                 ...................................................................... 26

ISSUE NO. 3      Whether the application to transfer
                 guardianship to Denton County, Texas was
                 untimely.

                 ...................................................................... 31

CONCLUSION and PRAYER……………………………….…..... 32

iv

CERTIFICATION …………………………………………..…   33

CERTIFICATE OF COMPLIANCE  ..…………………….…....…   33

CERTIFICATE OF SERVICE  …………………………….…...…   33

# INDEX OF AUTHORITIES

CASES                                                                 PAGE(S)


*Banda v. Garcia*
955 S.W.2d 270 (Tex. 1997)  …................................................  26


*Halverson v. Livengood*
4 S.W.2d 588
(Tex. Civ. App.—Texarkana 1928, no writ)  …......................  27


*In re Cerberus Capital Mgmt., L.P.*
164 S.W.3d 379 (Tex. 2005) (orig. proceeding)  …..................  24


*In The Estate of Adrian Neuman*
No. 09-13-00570-CV
(Court of Appeals of Texas, Ninth District,
Beaumont May 14, 2015)  …................................................  32


*In re Estate of Steed*
152 S.W.3d 797
(Tex. App.—Texarkana 2004, pet. Denied)  …......................  27


*In re Graham*
251 S.W.3d 844
(Tex. App.—Austin 2008, orig. proceeding)  …............  25,28, 29, 30


*In re Mo. Pac. R.R. Co.*
998 S.W.2d 212 (Tex. 1999)  …........................................  25, 29, 30


*In re Prudential Ins. Co. of America*
148 S.W.3d 124, 138
(Tex. 2004) (orig. proceeding)  …........................................  23


*In re Team Rocket, L.P.*
256 S.W.3d 257
(Tex. 2008) (orig. proceeding)  …........................................  24

*CASES*                                                                          *PAGE(S)*

*In the Estate of Consuella Perkins Ulbrich, deceased*
04-12-00514-CV
(Tex. Civ. App. - San Antonio, January 15, 2014)  …..........   26, 30, 31

*Jarvis v. Feild*
327 S.W.3d 918
(Tex. App.-Corpus Christi-Edinburg 2010, no pet.)  …..............   32

*Maddox v. Surber*
677 S.W.2d 226, 228
(Tex. App.—Houston [1st Dist.] 1984, no writ)  …......................   27, 28

*Slay v. Dubose*
144 S.W.2d 594
(Tex. Civ. App.—Fort Worth 1940, writ ref'd) …............................   27

*McGrede v. Coursey*
131 S.W.3d 189, 196
(Tex. App.-San Antonio 2004, no pet.) …................................   32

*Snyder v. Pitts*
241 S.W.2d 136
(Tex. 1951)  …....................................................................   28

*Texas v. Florida*
306 U.S. 398, 424 (1939)  …...............................................   27, 28, 30

*Walker v. Packer*
827 S.W.2d 833, 839-40
(Tex. 1992) (orig. proceeding)  …...........................................   30


STATE STATUTES AND RULES                                          PAGE(S)

Texas Estates Code § 1023.001  …................................................. 23, 24

Tex.R.Civ.P. 86(1) …................................................................ 23, 31, 32

IN THE COURT OF APPEALS FOR
THE FOURTH DISTRICT OF TEXAS
SITTING AT SAN ANTONIO

ANNA T. MUENZ,
          Petitioner,

On Petition for Writ of Mandamus from
Probate Court No. One, Bexar County, Texas
Honorable Kelly Cross, presiding
Trial Court Cause No. 2013-PC-2901

PETITIONER'S BRIEF

TO THE HONORABLE JUSTICES OF THE FOURTH COURT OF APPEALS:

NOW COMES, Anna T. Muenz ("Anna"), by and through the undersigned attorney at law, and files this petition for writ of mandamus regarding the Order Transferring Guardianship to Denton County, Texas, dated July 17, 2015, and would show the Court as follows:

STATEMENT OF CASE

On or about October 14, 2013, Cynthia Henckel ("Guardian") was appointed guardian of Anna's the person and estate. Within a few months, the

Guardian relocated Anna to Autumn Leaves of Carrollton, 1800 King Arthur Blvd., Carrollton, Denton County, Texas, where she has been housed in a locked memory care unit for the past 16 months.

On or about February 2, 2015, the trial court signed an Order authorizing the sale of Anna's house in San Antonio, Bexar County, Texas. On February 12, 2015, Anna sent a letter to the trial court complaining about the facts and circumstances of her guardianship and requesting an investigation. On February 19, 2015, the trial court appointed attorney Michael Warren as guardian ad litem for Anna pursuant to the Texas Estates Code §1054.

On or about April 16, 2015, Anna retained the undersigned counsel pursuant to the Texas Estates Code §1202.103(a) and filed an Application for an Order pursuant to the Texas Estates Code §1202.051 to restore her capacity to manage her own personal and financial affairs. The Guardian's first responsive pleading was filed on April 28, 2015, which was a Motion Requesting Philip M. Ross to Show Authority to Act. A few weeks later, on May 21, 2015, the Guardian filed an application to transfer the guardianship of the person and estate of Anna Muenz from Bexar County, Texas to Denton County, Texas. Anna submits that the Guardian's application to transfer the guardianship was untimely, not in Anna's best interests, but intended to frustrate Anna's efforts to restore her capacity.

On July 17, 2015, the Court heard argument of counsel regarding the application to transfer the guardianship, but the hearing was limited to thirty minutes, and no time was allotted for introduction of evidence on contested issues. Contested issues include the location of Anna's domicile, which is a mandatory venue issue; whether good cause to deny the application was shown; and whether it is in Anna's best interests to transfer the guardianship.

Anna submits that the Court's findings contained in the Order to Transfer Guardianship to Denton County, dated July 17, 2015, including reference to Anna's current residence, a finding that good cause to deny the application was not shown, and that it is in Anna's best interest to transfer the guardianship were not supported by any evidence because none was admitted. The Guardian did not offer any evidence to support the Court's findings. Anna participated in the hearing by telephone, but she was not allowed to appear in person or testify regarding her place of residence, good cause to deny the application, and why denying the application is in her best interests. Anna's attorney made an offer of proof that Anna's choice of county of residence is Bexar County, that there is good cause to deny the transfer, and that it is in Anna's best interest for the Court to retain jurisdiction.

Therefore, Anna respectfully submits that the Court abused its discretion in

3

granting the Order to Transfer Guardianship to Denton County, dated July 17, 2015. The transfer of Guardianship has not yet been confirmed by the Probate Court in Denton County, which set a confirmation hearing for October 30, 2015.

## STATEMENT OF JURISDICTION

Appellant files this petition for writ of mandamus pursuant to Article V, Section 6 of the Texas Constitution and TEX. CIV. PRAC. & REM. CODE ANN. § 15.0642. TEX. R. APP. P. 52.3(e) requires the initial filing with the court of appeals. Appellant submits that she has complied with all conditions precedent to invoking the jurisdiction of the Fourth Court of Appeals.

## STATEMENT REGARDING THE RECORD

The Clerk's Record consisting of one volume has been requested. The Reporter's Record consisting of one volume including transcript of one hearing has been filed.

## ISSUES PRESENTED

1    Whether the trial court abused its discretion when it signed the Order to Transfer Guardianship to Denton County, dated July 17, 2015, in error because there was no evidence regarding

   (a)    Anna's domicile,

   (b)    a finding that good cause to deny the application was not shown, and

(c)     that it is in Anna's best interest to transfer the guardianship.

Whether Anna's offer of proof at the hearing and subsequently in support of her motion for reconsideration shows that:

(a)     Anna's domicile is in Bexar County, Texas,

(b)     that good cause to deny the application has been shown, and

(c)     that it is not in Anna's best interest to transfer the guardianship.

Whether the application to transfer guardianship to Denton County, Texas was untimely.

## STATEMENT OF FACTS AND PROCEDURAL BACKGROUND

On or about October 14, 2013, Cynthia Henckel ("Guardian") was appointed guardian of Anna's the person and estate.

The Guardian then proceeded to remove Anna from her long-time home and relocated her into a nursing home in San Antonio, Bexar County, Texas.

Within a couple of months, the Guardian removed Anna from the nursing home in San Antonio, Bexar County, Texas and relocated her to Autumn Leaves of Carrollton, 1800 King Arthur Blvd., Carrollton, Denton County, Texas, where she has been housed in a locked memory care unit for the past 16 months.

Anna has alleged that the Guardian placed arbitrary and unreasonable restrictions or denial of Anna's contact with life-long friends and relatives, except

5

her Guardian and grand-daughter. On February 12, 2015, Anna sent a hand written letter to the trial court complaining about the facts and circumstances of her guardianship and requesting an investigation. On February 19, 2015, the trial court appointed attorney Michael Warren as guardian ad litem for Anna pursuant to the Texas Estates Code §1054.

5      On or about April 6, 2015, Anna Muenz retained the undersigned counsel pursuant to the Texas Estates Code §1202.103(a) to file an Application for an Order pursuant to the Texas Estates Code §1202.051 to restore her capacity to manage her own personal and financial affairs.

6      On April 16, 2015, Anna Muenz filed an Application for an Order pursuant to the Texas Estates Code §1202.051 to restore her capacity to manage her own personal and financial affairs.

7      Anna alleged that she has the capacity to manage her personal and financial affairs including basic activities of daily living; consent to medical, dental, psychological and psychiatric treatment; to manage and/or have input into her financial affairs; consent to financial matters such as bill paying and tax preparation; execute a durable power of attorney; execute a medical power of attorney; vote in elections; consent to marriage; consent to legal representation; participate in legal proceedings; decide with whom she wants to associate; decide

with whom she does not want to associate; execute a will; choose her place of residence; and live in a private home with assistance.

8    Anna submits that the Texas Estates Code §1022.005 confers exclusive jurisdiction to the trial court over her application to restore her capacity pursuant to the Texas Estates Code §1202.051 as well as the motion to remove the Guardian pursuant to the Texas Estates Code §1202.051 or §1202.052.

9    Anna alleged that the Guardian removed her from Bexar County, Texas, where she had lived for the past sixty years, to Denton County, Texas, where she had no friends or family except her Guardian and grand-daughter, more than fourteen months ago, while she still owned her residence in Bexar County

10    Upon information and belief, the Guardian relocated Anna from the jurisdiction of Bexar County Probate Court No. One without Court approval and waited more than a year until after the trial court appointed a guardian ad litem and Anna hired a Bexar County attorney and filed her application to restore her capacity before applying to transfer the guardianship.  Anna submits that the application to transfer the guardianship was untimely.

11    In February 2015, the Guardian sold Anna's San Antonio residence, where she had lived for many years in a neighborhood that was close to longtime friends. The Guardian also sold Anna's personal property, which had great sentimental

value, without Anna's knowlede or consent.

12 Anna also alleged that after the Guardian removed her from Bexar County, Texas to Denton County, Texas, the Guardian failed or refused to tell her friends and relatives where she was living, denied her requests to have contact by telephone or in-person with friends and relatives, took away her address book, and deprived her of access to a telephone.

13 Anna presently resides at Autumn Leaves of Carrollton, 1800 King Arthur Blvd., Carrollton, Denton County, Texas, where she has been housed in a locked memory care unit for the past sixteen months. However, the trial court ordered the Guardian to relocate Anna to a less restrictive residence on July 16, 2015.

14 Anna alleged that the Guardian arbitrarily and unreasonably deprived her requests for an adequate selection of clothing, a television, her address book, stamped envelopes and stationery, and a telephone.

15 It took many months for Anna's other relatives and friends to locate her after the Guardian removed her from Bexar County, Texas and cut off all communication with Anna.

16 In February 2015, Anna and her relatives and friends contacted the Court and requested an investigation pursuant to the Texas Estates Code §1202.051-054.

17 Anna's friends and relatives also contacted Texas Ombudsman Karlotta

Hannibal, who intervened to restore Anna's right to have unrestricted access to a telephone, which was provided to her by a friend.

18    On February 20, 2015, the Court appointed attorney Mike Warren as guardian ad litem pursuant to the Texas Estates Code §1054 to investigate Anna's current circumstances and condition and to obtain a current certificate of medical examination and file a report with the Court concerning Anna's circumstances and condition with recommendations for any further action by the Court.

19    A hearing on Anna's application to restore her capacity was set for May 22, 2015.

20    On April 28, 2015, the Guardian filed a Motion Requesting Philip M. Ross to Show Authority to Act. The motion to show authority was set for hearing on May 21, 2015.

21    On April 30, 2015, the guardian ad litem filed a report in which he stated that Anna was in stable condition, but that a current medical exam was needed under the circumstances. Anna was examined by Dr. Charles Mathis, M.D. on May 8, 2015.

22    Anna submits that she has a right to retain an attorney for a proceeding involving the complete restoration of her capacity or modification of her guardianship pursuant to the Texas Estates Code, Section 1202.103(a), and she

9

retained the undersigned attorney pursuant to a written contract for legal services.

23    Anna submits that her Guardian's objection to the undersigned counsel's authority to act is groundless and frivolous and brought for an improper purpose including harassment, because her right to be represented by an attorney of her own choice is clearly established pursuant to the Texas Estates Code, Section 1202.103(a), which should not be questioned, infringed or denied.

24    On May 21, 2015, the Court held a status conference. The undersigned attorney requested an opportunity for Anna to appear by telephone, since her guardian did not bring her to court. The Court took the matter under advisement and requested the Guardian's attorney to report whether Anna's treating physician felt she was able to attend court for a hearing on the guardian's motion requesting the undersigned attorney to show authority to act as her attorney. The Court requested Anna's counsel to submit a brief on the issue of testimony by telephone.

25    On May 21, 2015, about three months after the trial court appointed a guardian ad litem for Anna, and about three weeks after filing her initial pleading in response to Anna's application to restore her capacity, the Guardian filed an application to transfer the guardianship of the person and estate of Anna Muenz from Bexar County, Texas to Denton County, Texas. Anna submits that the Guardian's application to transfer the guardianship was untimely and not in Anna's

best interests, but to frustrate Anna's efforts to restore her capacity.

26 The hearing on the merits, which had been scheduled for May 22, 2015 was postponed, pending a ruling on the question whether Anna has a right to retain an attorney of her choice pursuant to the Texas Estates Code, Section 1202.103(a).

27 On July 16, 2015, the Court entered an Order that the Guardian shall move Anna to an assisted living residential setting that is less restrictive than Autumn Leaves Memory Care Facility, where Anna presently resides, within thirty days. The Order did not specify that Anna had to be relocated in Denton County.

28 Anna respectfully submits that it is in her best interests to be allowed to relocate to the least restrictive private residence, which is the fully furnished two bedroom, one bath suite #202 at the Dwelling Suites located at 2530 Harry Wurzbach San Antonio, Bexar County, Texas, that she has leased with assistance of her niece, who plans to live with her in San Antonio, Bexar County, Texas.

29 On July 17, 2015, the Court heard argument of counsel regarding the application to transfer the guardianship, but the hearing was limited to thirty minutes, and no time was allotted for introduction of evidence on contested issues. Contested issues include the location of Anna's domicile, which is a mandatory venue issue; whether good cause to deny the application was shown; and whether it was in Anna's best interests to transfer the guardianship.

11

There were about ten persons in the courtroom, who are interested in Anna's well being and who were prepared to testify regarding facts related to Anna's best interests and why transferring the guardianship to Denton County, Texas would not be in Anna's best interest. However, the trial court denied Anna's attorney's request to call witnesses to testify under oath and to admit any evidence. The trial court only allowed Anna's attorney to make an offer of proof. (A true and correct copy of the transcript of the hearing on July 27, 2015 is included in the Appendix and incorporated herein for all purposes).

Anna participated in the hearing by telephone, but she was not allowed to testify regarding her domicile, good cause to deny the application, and why denying the application is in her best interests. Anna submits that she would have testified that her home and domicile is in Bexar County, Texas. Anna further submits that the trial court abused her discretion, when she declined to hear or admit any proffered evidence on the issue of Anna's domicile and ordered the guardianship transferred to Denton County, Texas without considering any evidence or referring to any guiding principles.

At the time of the hearing on the application to transfer the guardianship, there were several motions pending including Anna's application to restore her capacity, motion to remove the Guardian, and motion to appear in person. Also

pending was the Guardian's motion to show authority. Therefore, Anna respectfully submits that the Court should not have ordered the transfer of guardianship from Bexar County, Texas, which is the county, where the proceeding commenced, without considering evidence that she considers Bexar County to be her domicile. Anna submits that she would have offered testimony that her home is in San Antonio, Bexar County, Texas. Anna also desired an opportunity to offer her medical evidence into the record, as proof that it is in her best interest to be allowed to return to her community and live in a private home with assistance in Bexar County instead of being forced to remain in Denton County, where she has been separated from her friends, whom she has known and loved for decades.

33      Anna supplemented her attorney's offer of proof, filed a motion to reconsider the order transferring guardianship to Denton County, and attached affidavits from her nieces Paula Jeffries and Diana Yakowitz and friends Duncan White, Arthur Ephross, Jerry Blackburn, Lyndia Blackburn and Suzette Garrison, which are contained in the Appendix and incorporated herein for all purposes. Also contained in the Appendix is a true and correct copy of Anna's letter to the Court requesting an investigation on February 2, 2015.

34      On August 4, 2015, Anna secured a lease of a fully furnished two bedroom

one bath suite #202 at the Dwelling Suites located at 2530 Harry Wurzbach San Antonio, Texas, 78209. The suite includes all furniture, furnishings, linens, pots, pans, dishes, cookware, and all utilities, which include phone, cable and Internet. Her lease will begin on August 10, 2015. (A true and correct copy of the Affidavit of Diana Yakowitz with a copies of the lease agreement from Jessica Magder, Dwelling Suites Coordinator, 2530 Harry Wurzbach San Antonio, Texas, 78209, phone: (210) 804-0200, confirming Anna's lease of a residence at are contained in the Appendix and incorporated herein for all purposes).

35     Anna submits that she is ready, willing and able to participate fully in the proceeding to restore her capacity. She has requested full access to the Court including in-person participation in status conferences, hearings and trial, which her doctors have approved. True and correct copies of letters from Anna's physician Hina Rizvi and the report of Charles Mathis, M.D., the psychiatrist, who examined her, are contained in the Appendix and incorporated herein for all purposes.

36     Anna also submits that she has witnesses, whose testimony she desires to present at trial, but which may not be possible or practical to be present in person, especially if the trial is held in Denton County.

37     Anna requested the Court to order that she be afforded the means and

opportunity to travel to San Antonio and to remain in Bexar County, Texas for the duration of this proceeding to remove the Guardian and restore her capacity. Anna alleged that she is able to travel and relocate to San Antonio with assistance.

38    Anna further submits that it is in her best interest to move out of the memory care facility in Denton County, Texas, where her guardian placed her in isolation from her extended family and long-time friends more than a year ago. However, the trial court's order dated July 16, 2015 that the Guardian shall move Anna to an assisted living residential setting that is less restrictive than Autumn Leaves Memory Care Facility, failed to enforce Anna's newly enacted rights pursuant to the Texas Estates Code, Section 1151.351(b). Furthermore, the Order transferring guardianship served only to delay decisions on Anna's efforts to move to a least restrictive residence back in San Antonio, Bexar County, Texas, to remove the Guardian, and to restore her capacity.

39    Anna submits that it will be more convenient and less expensive for her to return home to Bexar County, Texas, during the pendency of the proceedings to restore her capacity, than for her to continue to live in Denton County, Texas. Anna submits that her fully furnished residence at Dwelling Suites Coordinator, 2530 Harry Wurzbach San Antonio, Texas, is closer to the courthouse, her attorney, and most of her witnesses.

Anna submits that she should also be allowed to return to San Antonio, Bexar County, Texas because Probate Court No. One, Bexar County, Texas had exclusive jurisdiction and venue over her guardianship for the past two years. Anna alleges and would prove that her guardian's actions moving her to Denton County and placing her in a locked facility without contact with her extended family and established relationships with long-time friends was against her best interest.

Similarly, prolonging the process of removing the Guardian and restoring Anna's capacity by transferring the guardianship to Denton County, Texas was against Anna's best interest. Transferring the guardianship also prolongs the Guardian's ability to deprive Anna of her newly enacted rights pursuant to the Texas Estates Code, Section 1151.351(b).

On June 3, 2015, Dr. Mathis completed his psychiatric report including a Certificate of Medical Examination and Psychiatric Evaluation. On June 25, 2015, the guardian ad litem filed a supplemental report regarding Dr. Mathis' report and recommendations.

Anna submits that Dr. Mathis' report supports her claim that she has the capacity to manage her personal and financial affairs including basic activities of daily living; consent to medical, dental, psychological and psychiatric treatment;

to manage and/or have input into her financial affairs; consent to financial matters such as bill paying and tax preparation; execute a durable power of attorney; execute a medical power of attorney; vote in elections; consent to marriage; consent to legal representation; participate in legal proceedings; decide with whom she wants to associate; decide with whom she does not want to associate; execute a will; choose her place of residence; and live in a private home with assistance.

44    Upon information and belief, the Guardian knew about Dr. Mathis' psychiatric evaluation for more than a month. The Guardian also knew about the guardian ad litem's supplemental report for about three weeks. Yet, the Guardian took no action to relocate Anna to a suitable residence prior to being ordered by the trial court on July 16, 2015. Instead, the Guardian has attempted to obstruct and delay Anna's application to restore her capacity, to participate in this proceeding, and to exercise her rights pursuant to the Texas Estates Code, Section 1151.351(b).

45    Anna submits that she has requested the Court to order that she be allowed to be examined by Martha Leatherman, M. D., who is Anna's choice as an expert witness in this proceeding. Although, Dr. Leatherman has expressed a willingness to travel to Denton County to examine Anna, it would be less expensive for her to examine Anna at her office in San Antonio.

46    Anna submits that her daughter's actions and omissions as guardian have undermined their relationship and caused an irreconcilable conflict of personalities to the extent that Anna feels betrayed by her own daughter. Anna alleged that her Guardian and son-in-law have put their best interests ahead of hers. Anna alleged that her Guardian has breached her fiduciary duties, neglected Anna's care, and denied Anna's rights pursuant to the Texas Estates Code, Section 1151.351(b), such that the Guardian should be removed and the guardianship should be terminated.

47    Anna further submits that it is in her best interest to accept assistance from her nieces, Diana Yakowitz and Paula Jeffries, who have spent more time and attention attending to her needs than her Guardian, since they discovered her whereabouts about eight months ago.

48    Anna alleges and would prove that her nieces are ready, willing and able to assist her with whatever care she may need in order to live in a private residence in San Antonio, Bexar County, Texas. Anna also submits that it is in best interest to live in San Antonio, where she lived happily for about sixty years and was involved in the community until her Guardian relocated her to Denton County, Texas, where she had no long-time friends or family except her daughter and grand-daughter, about sixteen months ago.

49    Anna alleges and would prove that Anna's Guardian has violated Anna's rights pursuant to the Texas Estates Code, Section 1151.351 BILL OF RIGHTS FOR WARD, which was signed into law and went into immediate effect on or about June 16, 2015.

50    In particular, Anna alleges and would prove that since June 16, 2015 her Guardian has violated Anna's rights pursuant to the Texas Estates Code, Section 1151.351(b) as follows:

(2) to have a guardianship that encourages the development or maintenance of maximum self-reliance and independence in the ward with the eventual goal, if possible, of self-sufficiency;

(3) to be treated with respect, consideration, and recognition of the ward's dignity and individuality;

(4) to reside and receive support services in the most integrated setting, including home-based or other community-based settings, as required by Title II of the Americans with Disabilities Act (42 U.S.C. Section 12131 et seq.);

(5) to consideration of the ward's current and previously stated personal preferences, desires, medical and psychiatric treatment preferences, religious beliefs, living arrangements, and other preferences and opinions;

(6) to financial self-determination for all public benefits after essential

living expenses and health needs are met and to have access to a monthly personal allowance;

(7) to receive timely and appropriate health care and medical treatment that does not violate the ward's rights granted by the constitution and laws of this state and the United States;

(8) to exercise full control of all aspects of life not specifically granted by the court to the guardian;

(9) to control the ward's personal environment based on the ward's preferences;

(10) to complain or raise concerns regarding the guardian or guardianship to the court, including living arrangements, retaliation by the guardian, conflicts of interest between the guardian and service providers, or a violation of any rights under this section;

(11) to receive notice in the ward's native language, or preferred mode of communication, and in a manner accessible to the ward, of a court proceeding to continue, modify, or terminate the guardianship and the opportunity to appear before the court to express the ward's preferences and concerns regarding whether the guardianship should be continued, modified, or terminated;

. . .

(13) to participate in social, religious, and recreational activities, training, employment, education, habilitation, and rehabilitation of the ward's choice in the most integrated setting;

(14) to self-determination in the substantial maintenance, disposition, and management of real and personal property after essential living expenses and health needs are met, including the right to receive notice and object about the substantial maintenance, disposition, or management of clothing, furniture, vehicles, and other personal effects;

(15) to personal privacy and confidentiality in personal matters, subject to state and federal law; and/or

(16) to unimpeded, private, and uncensored communication and visitation with persons of the ward's choice, except that if the guardian determines that certain communication or visitation causes substantial harm to the ward:

Therefore, Anna respectfully submits that it was not in her best interest to transfer the guardianship to Denton County, Texas, which has delayed court action on her motion to remove the Guardian and application to restore her capacity. Such unreasonable and unnecessary delay has also caused Anna to remain in a locked memory care facility or assisted living facility far from her longtime friends and relatives against her will, under the custody and control of her Guardian under

facts and circumstances of this matter.

52    Anna respectfully submits that transferring the guardianship and unnecessarily and unreasonably delaying court action on her motion to remove the Guardian and application to restore her capacity would cause her to continue to suffer mental and emotional pain and suffering including fear of physical harm and injury by dangerous, inadequately supervised residents at the facility, loss of sleep, crying, emotional upset, loss of independence, loss of freedom of choice, denial of comforts of living in a home of her own choice, denial of love and affection by longtime friends and relatives.

53    Anna also respectfully submits that transferring the guardianship and unnecessarily and unreasonably delaying court action on her motion to remove the Guardian and application to restore her capacity has caused her to continue to suffer irreparable harm and injury due to denial of her enumerated rights pursuant to the Texas Estates Code, Section 1151.351, for which monetary damages could not provide adequate compensation for her injuries.

54    The transfer of Guardianship has not yet been confirmed by the Probate Court in Denton County, which set a confirmation hearing for October 30, 2015.

55    Therefore, Appellants respectfully submit that the Court should reverse the Order Transferring Guardianship to Denton County and remand the case for

further proceedings.

## SUMMARY OF ARGUMENT

Anna submits that the trial court abused its discretion when it signed the Order to Transfer Guardianship to Denton County, dated July 17, 2015, because there was no evidence regarding her domicile or whether is was in her best interest to transfer the guardianship. Venue is mandatory in the county in which the principal estate of the proposed ward is located pursuant to the Texas Estates Code § 1023.001. Anna's attorney made an offer of proof at the hearing and subsequently in support of her motion for reconsideration showwing that Anna's domicile is in Bexar County, Texas; there was good cause to deny the application; and it is not in Anna's best interest to transfer the guardianship. Finally, Anna submits that the application to transfer guardianship to Denton County, Texas was untimely because the objection to venue was waived by the Guardian's failure to file a written motion prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a." Tex.R.Civ.P. 86(1).

## STANDARD OF REVIEW

Mandamus is an extraordinary remedy, not issued as a matter of right, but at the discretion of the court. *In re Prudential Ins. Co. of America*, 148 S.W.3d 124,

23

138 (Tex. 2004) (orig. proceeding). To be entitled to the extraordinary relief of a writ of mandamus, a relator must show that the trial court clearly abused its discretion and left him no adequate remedy by appeal. *In re Team Rocket, L.P.*, 256 S.W.3d 257, 259 (Tex. 2008) (orig. proceeding). A trial court abuses its discretion if it reaches a decision that is so arbitrary and unreasonable as to constitute a clear and prejudicial error of law, or if it clearly fails to correctly analyze or apply the law. *In re Cerberus Capital Mgmt., L.P.*, 164 S.W.3d 379, 382 (Tex. 2005) (orig. proceeding).

## ARGUMENT AND AUTHORITY

Venue is mandatory in the county in which the principal estate of the proposed ward is located pursuant to the Texas Estates Code § 1023.001. The Estates Code provides as follows: § 1023.001 Venue for Appointment of Guardian (a) Except as otherwise authorized by this section, a proceeding for the appointment of a guardian for the person or estate, or both, of an incapacitated person shall be brought in the county in which the proposed ward resides or is located on the date the application is filed or in the county in which the principal estate of the proposed ward is located.

In mandatory venue mandamus actions, a court of appeals looks only to whether the trial court clearly abused its discretion in ruling on the motion. *In re*

24

*Graham*, 251 S.W.3d 844, 847 (Tex. App.—Austin 2008, orig. proceeding) (citing *In re Mo. Pac. R.R. Co*., 998 S.W.2d 212, 215 (Tex. 1999)). Because it is presumed that there is no adequate remedy for failure to enforce a mandatory venue statute, the relator is not required to show a lack of adequate remedy on appeal. *Id.*

In the present case, the Bexar County probate court was asked to consider the Guardian's motion to transfer venue. The motion to transfer the guardianship was filed more than a year after the Guardian relocated Anna from Bexar County to Denton County, Texas; about three months after the trial court appointed a guardian ad litem to make a report; and about a month after Anna filed an application to restore her capacity.

ISSUE NO. 1    Whether the trial court abused its discretion when it signed the Order to Transfer Guardianship to Denton County, dated July 17, 2015, in error because there was no evidence regarding

(a)    Anna's domicile,

(b)    a finding that good cause to deny the application was not shown, and

(c)    that it is in Anna's best interest to transfer the guardianship.

The Guardian sought a transfer on the basis that it was necessary and in the best interest of the Person and Estate of the Ward that the guardianship

25

proceedings be transferred to Denton County, Texas because Ward permanently moved to Denton County, Texas and resided at: Autumn Leaves of Carrollton, 1800 King Arthur Blvd., Carrollton, Denton County, Texas 75010 and no longer owned property in Bexar County. However, no evidence was offered or introduced into the record as proof of these allegations at the hearing on July 17, 2015, and the Court denied Anna's proffered witness testimony and other evidence, and ruled without consideration of any evidence or reference to guiding principles.

A lack of sworn testimony or other evidence in the record to support the findings of the trial court may result in reversal. *In the Estate of Consuella Perkins Ulbrich, Deceased*, No. 04-12-00514-CV, page 17 (Tex.App. - Fourth Court of Appeals, San Antonio, January 15, 2014), (note 3. Although the attorneys and the probate court discussed the case at the February 3, 2012, hearing, such discussions are not evidence in this case. See generally *Banda v. Garcia*, 955 S.W.2d 270 (Tex. 1997).

ISSUE NO. 2    Whether Anna's offer of proof at the hearing and subsequently in support of her motion for reconsideration shows that:

(a)    Anna's domicile is in Bexar County, Texas,

(b)    that good cause to deny the application has been shown, and

(c)     that it is not in Anna's best interest to transfer the guardianship.

Anna's attorney made an offer of proof at the hearing on the application to transfer guardianship to Denton County that Anna's domicile is in Bexar County, Texas, that good cause to deny the application was shown, and that it was not in Anna's best interest to transfer the guardianship.  Subsequently, Anna filed a motion for reconsideration and attached affidavits and other evidence, which are included in the Appendix and incorporated herein for all purposes.

For the purpose of determining venue in probate proceedings, "domicile" and "fixed place of residence" are synonymous. *Maddox v. Surber*,  677 S.W.2d 226, 228 (Tex. App.—Houston [1st Dist.] 1984, no writ) (citing *Slay v. Dubose*,  144 S.W.2d 594, 596 (Tex. Civ. App.—Fort Worth 1940, writ ref'd); *Halverson v. Livengood,*  4 S.W.2d 588(Tex. Civ. App.—Texarkana 1928, no writ). A person may establish only one domicile, but may have several residences. *In re Estate of Steed*,  152 S.W.3d 797, 803 (Tex. App.—Texarkana 2004, pet. denied).

The legal significance of a domicile as a fixed place of residence, as opposed to one of several residences, is "to signify a permanent residence, as distinguished from one that is only temporary." *Id*. The essential elements of domicile are residence in fact, coupled with the purpose to make the place of residence one's permanent home. *Texas v. Florida*,  306 U.S. 398, 424 (1939);

27

*Snyder v. Pitts*, 150 Tex. 407, 241 S.W.2d 136, 139 (1951); *Maddox*, 677 S.W.2d at 228. The period of time that the decedent resided in the county is irrelevant so long as the act and the intention to acquire a domicile coexist. *Maddox*, 677 S.W.2d at 228-29. The controlling factor in establishing residence in fact is "'the actual fact as to the place of residence and decedent's real attitude and intention with respect to it as disclosed by his entire course of conduct.'" *In re Graham*, 251 S.W.3d 844, 850 (Tex. App.—Austin 2008, orig. proceeding) (quoting *Texas v. Florida*, 306 U.S. at 425).

Anna contends that the proffered evidence shows that her domicile is in Bexar County, Texas, notwithstanding the fact that she presently resides in Denton County, Texas. Furthermore, Anna's residence at Autumn Leaves Memory Care facility is temporary because the trial court ordered her to be relocated to a less restrictive assisted living facility within thirty days of July 16, 2015. The trial court's order did not restrict Anna's new residence to be located in Denton County although such implication may be construed from the court's order transferring the guardianship the next day.

Anna points to such evidence regarding her domicile as the fact that she lived in Bexar County for sixty years in succession before she was relocated involuntarily to Denton County; most of her long-time friends live in Bexar

28

County; she and her niece have secured a lease on a fully furnished, two bedroom apartment in Bexar County; and she intends to return to Bexar County as soon as she is allowed so she can live happily among her friends and the community she knows best for the rest of her life.

Anna submits that her proffered evidence of her lease of a fully furnished two bedroom apartment at Dwelling Suites, 2530 Harry Wurzbach San Antonio, Texas, 78209 demonstrates a clear, express statement of her intent to maintain her domicile or residence in Bexar County, Texas. Thus, Anna offered conclusive evidence establishing her domicile, good cause to deny the application, and that it was not in her best interest to transfer the guardianship.

Anna also submits that she has presented persuasive argument or authority supporting her contention that the Bexar County probate court failed to correctly analyze or apply the law. In particular, the trial court refused to consider evidence at the hearing on July 17, 2015 regarding Anna's domicile, good cause to deny the application, and her interest in keeping the guardianship in Bexar County. Anna submits that the trial court failed to consider the controlling factor in establishing residence in fact, which is "'the actual fact as to the place of residence and decedent's real attitude and intention with respect to it as disclosed by his entire course of conduct.'" *In re Graham*, 251 S.W.3d 844, 850 (Tex. App.—Austin

2008, orig. proceeding) (quoting *Texas v. Florida*, 306 U.S. at 425). For these reasons, Anna submits that the Bexar County probate court abused its discretion by granting the Guardian's motion to transfer the guardianship to Denton County.

*Walker v. Packer,* 827 S.W.2d 833, 839-40 (Tex. 1992) (orig. proceeding), established the two-prong test that courts apply to petitions for writ of mandamus. Under this standard, the trial court must have abused its discretion, and as a result, the relator must have been left without an adequate remedy on appeal. *Id*., at 839. "A trial court has no 'discretion' in determining what the law is or applying the law to the facts." *Id.* ("[A] clear failure by the trial court to analyze or apply the law correctly will constitute an abuse of discretion . . . .").

In mandatory venue mandamus actions, a court of appeals looks only to whether the trial court clearly abused its discretion in ruling on the motion. *In re Graham*, 251 S.W.3d 844, 847 (Tex. App.—Austin 2008, orig. proceeding) (citing *In re Mo. Pac. R.R. Co*., 998 S.W.2d 212, 215 (Tex. 1999)). Because it is presumed that there is no adequate remedy for failure to enforce a mandatory venue statute, the relator is not required to show a lack of adequate remedy on appeal. *Id*.

Furthermore, a trial court abuses its discretion when the court misapplies the relevant law. *Id.* Anna submits that the trial court not only failed or refused to

consider any evidence regarding her domicile, but it also failed to consider any evidence regarding the other two criteria for granting the application to transfer guardianship, namely: a finding that good cause to deny the application was not shown, and that it was in Anna's best interest to transfer the guardianship. Without any evidence in the record, the Court of appeals may determine that the trial court abused its discretion. *In the Estate of Consuella Perkins Ulbrich, Deceased*, No. 04-12-00514-CV, page 17 (Tex.App. - Fourth Court of Appeals, San Antonio, January 15, 2014).

ISSUE NO. 3    Whether the application to transfer guardianship to Denton County, Texas was untimely.

Anna also submits that the Guardian's motion to transfer venue was untimely. Rule 86(1) of the Texas Rules of Civil Procedure states that "[a]n objection to improper venue is waived if not made by written motion filed prior to or concurrently with any other plea, pleading or motion except a special appearance motion provided for in Rule 120a." Tex.R.Civ.P. 86(1). The record shows that the Guardian did not file her motion to transfer venue concurrently or before she filed her first plea, pleading or motion in response to Anna's application to restore her capacity or the Court's notice of setting of a status conference.

Because the Guardian's motion to transfer venue was untimely, she waived

her claim that Anna's domicile changed from Bexar County to Denton County shortly after the guardianship was established more than a year earlier. *In The Estate of Adrian Neuman*, No. 09-13-00570-CV, (Court of Appeals of Texas, Ninth District, Beaumont May 14, 2015) citing *Jarvis v. Feild*, 327 S.W.3d 918, 925 (Tex. App.-Corpus Christi-Edinburg 2010, no pet.) (holding that pro se litigant in probate proceeding waived her venue claim by failing to comply with the requirements of Rule 86(1)), and *McGrede v. Coursey*, 131 S.W.3d 189, 196 (Tex. App.-San Antonio 2004, no pet.) (concluding that appellant's venue complaint was waived in a guardianship proceeding governed by the Texas Probate Code because the appellant failed to comply with the requirements of Rule 86(1)).

## CONCLUSION AND PRAYER

WHEREFORE, Appellant requests the Court to reverse the trial court's Order transferring guardianship to Denton County and remand the case to Probate Court No. One, Bexar County, Texas. Appellant also requests the Court to grant her all additional relief to which she may be justly entitled.

32

Respectfully submitted,

/s/ Philip M. Ross
Philip M. Ross
State Bar No. 17304200
1006 Holbrook Road
San Antonio, Texas 78218
Phone: 210/326-2100
Email: ross_law@hotmail.com
ATTORNEY FOR APPELLANT
ANNA T. MUENZ

## CERTIFICATION

I hereby certify that every factual statement in the petition is supported by competent evidence included in the appendix or record.

/s/ Philip M. Ross
Philip M. Ross

## CERTIFICATE OF COMPLIANCE

I hereby certify that this brief is in compliance with Texas Rule of Appellate Procedure Rule 9. It contains 7,051 words, 32 pages, 14 point typeface.

/s/ Philip M. Ross
Philip M. Ross

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the foregoing document has been e-filed and served on October 11, 2015 by email pursuant to agreement to David Pyke and Mike Warren.

/s/ Philip M. Ross
Philip M. Ross